KUEHNE *v.* UNION TRUST CO.

BANKS AND BANKING—LETTERS OF CREDIT—TRUST FUND—INSOL-
VENCY—PREFERENCES.

> Money paid to a bank for a letter of credit issued by it for and
> in the name of another bank under the former's agreement of
> indemnity, the money being placed with the other funds of
> the bank, and, for convenience, entered on its books to the
> credit of the purchaser, but in such way as to prevent its
> withdrawal otherwise than by draft against the letter, does
> not constitute a trust fund for the benefit of the bank liable
> on and honoring the drafts drawn against such letter, so as to
> entitle it to preference over the general creditors of the other
> bank on the latter's insolvency.

Appeal from Wayne; Donovan, J. Submitted Febru-
ary 20, 1903. (Docket No. 148.) Decided June 30, 1903.

Petition by Percival Kuehne, Max Hessberg, Frieder-
ich Nachod, and Alphons Jacobson, copartners as Knauth,
Nachod & Kuehne, against the Union Trust Company,
receiver of the City Savings Bank of Detroit, for the allow-
ance of a claim as preferred creditors. From a decree
denying the petition, petitioners appeal. Affirmed.

*Keena & Lightner,* for petitioners.

*Bowen, Douglas, Whiting & Murfin,* for defendant.

HOOKER, C. J. The City Savings Bank of Detroit
closed its doors on Monday, February 10, 1902, and was
turned over to the banking commissioner on that day, and
he is proceeding to close its affairs by proceedings in the
circuit court for the county of Wayne. The petitioners
are a firm of bankers doing business in New York, and
their petition has been filed in the cause for the purpose of
obtaining full payment of a check of $241.11 drawn on
February 6, 1902, by the City Savings Bank upon the

Western National Bank of New York, payable to the order of the petitioners.

One Milani, of Detroit, contemplated a trip to Europe, and had a conversation with the savings teller of the City Savings Bank, who advised him to take from said bank a letter of credit, and who explained to him the advantages of doing so, instead of carrying a large sum of money about his person. Milani subsequently brought to the bank a check upon it, drawn by his employer, for $500, and drew the money from another officer. He put $100 in his pocket, and paid $400 to the aforesaid teller, who issued to him a letter of credit for £80. Nothing further passed between them, but the teller entered the amount upon a savings passbook which he (the teller) kept, and put the same in the savings account kept by the bank. He entered Milani's name on a signature card, and wrote upon it, "Guaranty for a letter of credit." This was done to prevent any portion of said sum being drawn except as against the letter of credit, so that if a personal check of Milani had come to the bank, not drawn on that letter of credit, it would not have been honored. The withdrawals on the account were $173.19, leaving a balance of $226.81. The petitioners paid out drafts drawn on the letter of credit to the amount of £80, and have been paid only for three of Milani's drafts, aggregating $128.66. Two other drafts, aggregating $44.53, were drawn. The check of $241.11 was given to pay this item, and other items having nothing to do with Mr. Milani's account. The check was sent from Detroit February 6th, and should have reached plaintiffs Saturday, February 8th, and it would have been paid had it been presented on that day. The fund into which the $400 paid for the letter of credit by Milani went was not reduced below $1,000 at any time before the bank closed its doors. It is the petitioners' claim that the $400 paid by Milani for the letter of credit was paid and received by the bank for the specific purpose of meeting the obligation to petitioners under the letter of credit; that it was so treated by the

bank; and, since the fund in which it was placed was never depleted below the amount of this trust fund, that petitioners are entitled to be paid in full.   Upon the hearing the circuit court in chancery held otherwise, and denied the prayer of the petition.

We think petitioners' position untenable.   Milani paid his money to the bank for an undertaking to pay him, through others, on demand, a lesser amount.   This obligation was honored by other bankers, under some arrangement between the banks.   This fund was never paid or received upon trust conditions, and there is nothing to justify giving them priority over other creditors.   The entry and memorandum on the card was fully explained as precautionary merely, and not as giving Milani rights superior to those of any other depositor.

The decree is affirmed.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. CARPENTER, J., did not sit.