(156 App. Div. 519.)

### TAUSSIG v. CARNEGIE TRUST CO. et al.

(Supreme Court, Appellate Division, First Department. May 2, 1913.)

BANKS AND BANKING (§ 80*)—DEPOSITS—TRUST FUND—PREFERENCES.

 That a deposit in a bank is to secure it against any amounts it may pay by reason of letters of credit issued by it to the depositor, and that the account on its books in his name is designated "Letter of Credit Account," does not constitute it a trust fund, so as to entitle him to a preference, on its becoming insolvent.

 [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 184–196; Dec. Dig. § 80.*]

Appeal from Special Term, New York County.

Action by Edward D. Taussig against the Carnegie Trust Company and another. From a judgment entered on decision after trial, dismissing the complaint on the merits, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Charles A. Taussig, of New York City, for appellant.
Frank M. Patterson, of New York City, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

McLAUGHLIN, J.   Action to obtain a preference over general creditors of the Carnegie Trust Company.   The facts upon which a preference is claimed are not in dispute.   The plaintiff, at the times hereinafter mentioned, was a retired Rear Admiral of the United States Navy, and as such receiving from the United States government a salary of $499.80 per month.   During such time the Carnegie Trust Company was a domestic banking corporation, and as a part of its business issued letters of credit, addressed to its foreign correspondents.   In December, 1909, the plaintiff had an account with the Trust Company, but it was not sufficient to indemnify it for a letter of credit which he desired during an absence in Europe of several months.   He laid the situation before the Trust Company, and an agreement was thereupon entered into by which it issued to him a letter of credit, addressed to its European correspondents for £600, payable at the rate of £100 monthly.   To secure or indemnify the company against the issuance of such letter, and any amounts it might pay by reason thereof, he agreed that his salary should be deposited with it as the same fell due, and that he would not, without the consent of the Trust Company, in writing, "revoke or in any way change the allotment which I have made of my pay as Rear Admiral, U. S. Navy, Retired, in favor of the Carnegie Trust Company, during the life and validity of any letter of credit which shall be given to me by the Carnegie Trust Company."   The plaintiff subsequently drew against the letter of credit for £595, and when the letter was returned the £5 was credited to his account.   On the 19th of August, 1910, a new letter of credit in the same form, in the same amount, and under the same conditions was issued to the plaintiff, and the sum of £125 was thereafter drawn against it.   After the issuance of the first letter of credit the Trust Company opened a new account on its books in the name of the plaintiff, which it designated as "Letter of Credit Account"; the other account remaining as before.   Thereafter there was received from the United States government and credited to that account $6,497.40, and drafts against the letter of credit, which were paid, charged against it, amounting to $3,576.56.   On January 7, 1911, the Trust Company became insolvent, and the superintendent of banks took charge of it for the purpose of liquidation.   There was on that day, standing to the plaintiff's credit in the Letter of Credit Account, $2,920.82.   He thereafter claimed he was entitled to a preference over general creditors for the amount of this credit, which was rejected as a preferred, but allowed as a general, claim.   Subsequently a dividend of $737.64 was made on the claim, which left a balance due the plaintiff in that account of $2,183.18, and this action was brought to establish the same as a preferred claim.   The complaint was dismissed, without costs, and he appeals.

I am of the opinion the complaint was properly dismissed.   The relation existing between the plaintiff and the Trust Company, at the time the latter became insolvent, was that of debtor and creditor. The opening of the account and designating it "Letter of Credit" was a mere matter of convenience to the Trust Company.   It did not hold the money credited to that account in trust for the plaintiff, and

his interest was precisely the same in that credit as in the credit to the other account, and in neither case was he entitled to a preference. Crawford v. West Side Bank, 100 N. Y. 50, 2 N. E. 881, 53 Am. Rep. 152; Aetna National Bank v. Fourth National Bank, 46 N. Y. 82, 7 Am. Rep. 314; People v. St. Nicholas Bank, 77 Hun, 159, 28 N. Y. Supp. 407. An authority directly in point is Kuehne v. Union Trust Co., 133 Mich. 602, 95 N. W. 715. There money was paid to a bank for a letter of credit issued by it for and in the name of another bank under the former's agreement of indemnity, the money being placed with the other funds of the bank and for convenience entered on its books to the credit of the purchaser, but in such a way as to prevent its withdrawal otherwise than by draft against the letter. It was held that this did not constitute a trust fund for the benefit of the bank liable on and honoring the drafts drawn against such letter, so as to entitle it to a preference over the general creditors of the other bank on the latter's insolvency.

It follows, therefore, that the judgment appealed from should be affirmed, with costs. All concur.

---

## In re SCHWARZ'S ESTATE.

(Supreme Court, Appellate Division, First Department. May 2, 1913.)

Appeal from Surrogate's Court, New York County.

