AMERICAN EXPRESS COMPANY *vs.* COSMOPOLITAN TRUST COMPANY.

Suffolk. March 15, 1921. — June 29, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Bills and Notes*, Bill of exchange. *Contract*, Implied. *Damages*, In action upon bill of exchange.

An express company in Boston on September 2, 1920, paid to a trust company $92,500 and received an instrument signed by the trust company, directed to a bank in Italy and reading as follows: "Against our balance pay to the order of . . . [the] express company, duplicate being unpaid, the sum of 2,000,000 lire." On September 28, the express company presented the instrument to the bank in Italy, which refused to deliver the 2,000,000 lire because it had been ordered not to do so by the commissioner of banks of Massachusetts who three days before under St. 1910, c. 399, had taken charge of the property and business of the trust company. According to the rate of exchange on September 2, the value of

2,000,000 lire was $92,500, while on September 25 and 28 it was $83,717. *Held,* that

(1) The transaction between the express company and the trust company was one of purchase and sale of credit in the form of a draft drawn against funds standing to the trust company's credit in the bank in Italy, and was completed by the delivery of the draft;

(2) The transaction being completed and not executory, there was no failure of consideration and the express company could not maintain against the trust company an action for $92,500, money had and received by the bank to the express company's use;

(3) The instrument given to the express company by the trust company was a bill of exchange, and the express company was entitled to maintain an action thereon against the trust company and, under R. L. c. 73, § 9, to recover the value of 2,000,000 lire on September 28, 1920, $83,717, interest thereon from that date and damages at the rate of five per cent upon the principal.

CONTRACT, with a declaration in two counts, described in the opinion. Writ dated January 29, 1921.

In the Superior Court the action was heard by *Sisk,* J., upon an agreed statement of facts, and he reported it to this court for determination. The material facts and the agreement accompanying the report are described in the opinion.

R. L. c. 73, § 9 ( now G. L. c. 107, § 9), is as follows: "When a bill of exchange, drawn or endorsed within this Commonwealth and payable beyond the limits of the United States, is duly protested for non-acceptance or non-payment, the party liable thereon shall, on due notice and demand, pay it at the current rate of exchange on the date of the demand, with interest from the date of the protest and damages at the rate of five per cent upon the principal thereof; and the amount of principal, interest and damages shall be in satisfaction of all charges, expenses and damages."

*F. T. Field,* (*G. K. Gardner* with him,) for the plaintiff.

*H. W. Brown,* for the defendant.

PIERCE, J. This is an action of contract. The declaration is in two counts. The first count is for money had and received to recover $92,500, with interest at six per cent per annum from September 2, 1920, the date of the payment by the plaintiff to the defendant of said sum. The second count is for damages for the failure of the defendant to pay or cause to be paid to the plaintiff on presentment at Genoa, Italy, a check or draft which reads as follows:

"2514

Boston, Mass., U. S. A.

Lit. 2,000,000

August Thirty First 1920

Against our balance

Pay to the order of American Express Company          \

Duplicate being unpaid

The sum of two million lire

To Credito Italiano,                Cosmopolitan Trust Company.

        Genoa,

          Italy.    (sgd.)      W. W. Henderson

                             Assistant Manager

No. 25846                   Foreign Department."

The defendant denied each and every allegation of the first count, and admitted all the allegations of the second count except such as related to the measure of the plaintiff's damages. The case came on to be heard before a judge of the Superior Court on an agreed statement of facts, and is before this court on a report of that judge, without decision, on the facts agreed. G. L. c. 231, § 111.

The agreed facts in substance show that on September 2, 1920, the plaintiff paid the defendant $92,500 and received for such payment a check or draft, a copy of which is as above set forth. The plaintiff immediately forwarded the instrument to its agent in Genoa, Italy. On September 28, 1920, its agent in Genoa duly presented the instrument to said Credito Italiano and duly demanded delivery of 2,000,000 lire. Credito Italiano thereupon refused to deliver said 2,000,000 lire or any part thereof because it had been ordered by the defendant and by Joseph C. Allen, commissioner of banks of Massachusetts, acting in his official capacity and for and in behalf of the defendant, not to deliver the same. The instrument was duly protested and the protest thereof certified by a notary public, and the plaintiff caused the defendant and the commissioner of banks to be properly notified of the said refusal.

The commissioner of banks of Massachusetts took possession of the property and business of the defendant, by virtue of the authority vested in him by St. 1910, c. 399, on September 25, 1920, and since that time has been in charge of the property and business

of the defendant. In accordance with St. 1910, c. 399, § 8, G; L. c. 167, § 28, the commissioner caused to be published a notice calling on all persons having claims against the defendant to present the same and make legal proof thereof not later than March 15, 1921. On January 27, 1921, the plaintiff tendered the defendant the said check or draft, and in compliance with the terms of the notice presented and made legal proof of a claim for $92,500, that being the amount paid by the plaintiff to the defendant on September 2, 1920, with interest thereon. The commissioner refused to accept the said tender and rejected the claim, giving notice of said rejection to the plaintiff by letter dated January 27, 1921. This action was brought on January 29, 1921.

On September 2, 1920, the rate of exchange was such that 2,000,000 lire were worth $92,500. On September 25, 1920, and on September 28, 1920, 2,000,000 lire were worth $83,717, and on January 27, 1921, 2,000,000 lire were worth $74,500. On the foregoing facts the "plaintiff claims that as a matter of law it is entitled to recover upon the first count of its declaration, and it is agreed by the parties that, if the plaintiff is so entitled to recover, judgment shall be entered for the plaintiff in the sum of $92,500 with such interest thereon as is legally due upon the facts herein agreed to. The defendant contends that the plaintiff as a matter of law is not entitled to recover upon said first count but the defendant admits that if the plaintiff as a matter of law is not entitled to recover upon said first count then the plaintiff is entitled to recover upon the second count of its declaration, and it is agreed that in this event judgment shall be entered for the plaintiff for a sum in dollars equivalent to two million (2,000,000) lire at such rate of exchange as ought legally to be used upon the facts herein agreed to with such interest thereon and such damages, if any, as are legally due upon the facts herein agreed to."

Upon the agreed facts the defendant bank sold and the plaintiff purchased credit in the form of a draft drawn against funds which the defendant had standing to its credit with a banking institution in Genoa, Italy, called Credito Italiano. The draft sold is a direction to the foreign correspondent bank to pay to the holder of the draft on demand the sum of money named therein as directed. The transaction was one of purchase and sale. It was not executory, it did not establish a trust or an agency, and it was

completed with the delivery of the draft. *Beecher* v. *Cosmopolitan Trust Co. ante,* 48. *Cosmopolitan Trust Co.* v. *Ciarla, ante,* 32. *Kuehne* v. *Union Trust Co.* 133 Mich. 602. The thing sold was the credit; the draft was but a means of establishing or transmitting the credit; it was the evidence of a completed transaction. *Legniti* v. *Mechanics & Metals National Bank of New York,* 230 N. Y. 415. Should the draft in these circumstances be dishonored the plaintiff must seek his remedy in an action for damages for breach of the obligation which the law attached to the transaction; he cannot have the money paid restored in an action for money had and received because the consideration for the money so paid has not failed nor substantially failed. *Suse* v. *Pompe,* 8 C. B. (N. S.) 538, 565. It results that the plaintiff cannot recover on his first count.

Under the second count of the declaration the defendant contends that the draft or check which the plaintiff purchased of the defendant and presented to the Credito Italiano is not a bill of exchange in the sense these descriptive words were intended to be used when the provisions of R. L. c. 73, § 9, G. L. c. 107, § 9, were originally enacted in St. 1825, c. 177; and further contends that the governing statute is R. L. c. 73, § 10, G. L. c. 107, § 10. A check is defined in R. L. c. 73, § 202, G. L. c. 107, § 208, as follows: " A check is a bill of exchange drawn on a bank payable on demand." This statute was first enacted in 1898 (c. 533, § 185) as part of the so called negotiable bills act. The law in reference to damages on bills payable outside the United States contained in R. L. c. 73, § 9, G. L. c. 107, § 9, in substance had been in force since St. 1825, c. 177. In enacting R. L. c. 73, § 202, the Legislature made every provision of the statute originally contained in St. 1898, c. 533, " applicable to a bill of exchange payable on demand apply to a check." No reference is made to R. L. c. 73, § 9. It seems plain that the Legislature would have expressly exempted that species of bill of exchange classified as check from the operation of R. L. c. 73, § 9, if such had been its intent. In the absence of any reference to that chapter and section it must be presumed the Legislature intended the chapter and section to apply to every species of bill of exchange which is drawn or indorsed within this Commonwealth and payable beyond the limits of the United States.

As this is an action at law without the intervention of the commissioner of banks, we see no reason why the plaintiff is not entitled to a judgment which shall measure its damages in strict conformity to the statute. *Kittredge* v. *Osgood*, 161 Mass. 384. *Rickman* v. *Rickman*, 180 Mich. 224; *S. C.* Ann. Cas. 1915 C 1237, note 1249.

It follows that judgment should be entered for the plaintiff in the sum of $83,717 with interest from September 28, 1920, and damages at the rate of five per cent upon the principal.

*So ordered.*