JOHN K. BATES & another *vs.* COSMOPOLITAN TRUST COMPANY & another.

Suffolk.    October 21, 1921. — November 23, 1921.

Present: RUGG, C.J., PIERCE, CARROLL, & JENNEY, JJ.

*Equity Jurisdiction,* Equitable set-off, Trust company in liquidation by commissioner of banks.    *Trust Company.*

Two directors of a Massachusetts corporation gave to a Massachusetts trust company their joint and several personal note for $30,000 solely for the accommodation of the corporation, as the officers of the trust company knew, and at the same time, as collateral security, the trust company was given a note for $50,000 signed by the corporation, the two directors and others of the directors constituting a majority of the board.   For the first note, the trust company placed to the credit of the corporation a drawing account of $10,000, and issued to it four certificates of deposit of $5,000 each.   At a time when there was a sum of $597 standing to the credit of the corporation in the drawing account and when two of the certificates of deposit were not yet payable, the commissioner of banks took possession of the property and business of the trust company under St. 1910, c. 399, as amended (see G. L. c. 167, §§ 22 *et seq*).   The two directors paid to the commissioner $10,000, which was applied to the reduction of the corporation's note, and, with the consent of the corporation, offered to settle all further claims against them by the payment of a further $10,000 and the return of the unpaid certificates of deposit.   The commissioner declined the offer and stated a determination to institute legal proceedings against the two directors upon their note and thereupon they brought a bill in equity, seeking an equitable set-off of the amount of the unpaid certificates of deposit given to the corporation.   It was agreed that the corporation "has property sufficient to pay whatever may be found to be due from it on this debt and that it stands ready to pay whatever amount may be found due."   *Held,* that

(1) The plaintiffs would have no right of set-off in an action at law against them on the $30,000 note;

(2) The corporation being able and willing to pay "whatever may be found due from it on this debt," no injustice can follow a prosecution to judgment of the claim of the trust company against the plaintiffs;

(3) The object of the bill was not to save the plaintiffs from financial loss, but was to enable the corporation to collect indirectly its debt in full against the trust company in liquidation;

(4) The circumstances did not call for a departure from the general rule that equity, following the law, will not allow a set-off in different rights than is allowed by the statutes of set-off.

BILL IN EQUITY, filed in the Supreme Judicial Court on February 28, 1921, by John K. Bates and Walter B. Farmer against

the Cosmopolitan Trust Company and the commissioner of banks, and seeking to establish, as against the liability of the plaintiffs on certain notes signed by the plaintiffs as an accommodation to the Portsmouth Cold Storage Company, an equitable set-off in the amount of certain certificates of deposit issued by the Cosmopolitan Trust Company to the order of the Portsmouth Cold Storage Company.

The suit was heard by *Braley, J.*, upon an agreed statement of facts. Material facts are described in the opinion. The single justice was of opinion that the bill should be dismissed but, at the request of the plaintiffs, reported the suit for determination by the full court.

The case was submitted on briefs.

*W. E. L. Dillaway,* for the plaintiffs.

*H. O. Cushman & D. L. Smith,* for the defendants.

PIERCE, J.    This suit in equity, filed on February 28, 1921, against the Cosmopolitan Trust Company and Joseph C. Allen, is before this court on the pleadings and agreed statement of facts, upon the report of a single justice. In substance the material facts are agreed to be as follows: On July 31, 1920, the plaintiffs, for the accommodation of the Portsmouth Cold Storage Company, borrowed $30,000 of the defendant trust company and gave their promissory note therefor payable on November 30, 1920. At the same time, at the request of the defendant trust company, they gave the defendant trust company as collateral for their own note a joint and several note for $50,000, dated July 31, 1920, payable in four months after date to the order of the Cosmopolitan Trust Company, signed by the Portsmouth Cold Storage Company, John K. Bates, Walter B. Farmer, M. J. Palson, and Major A. White, the individuals signing the note being directors and constituting a majority of the board of directors of the Portsmouth Cold Storage Company. As the consideration for the $30,000 note, the trust company agreed to give and did give the Portsmouth Cold Storage Company a credit of $10,000 against which its checks should be drawn; it also agreed to give and did give four certificates of deposit to the order of the Portsmouth Cold Storage Company for $5,000 each of even date with said notes, two payable in September, 1920, one on October 25, 1920, and one on November 30, 1920. The storage company drew all

of the $10,000 which had been placed to its credit on the books of said trust company except $597. The certificates of deposit maturing in September were duly paid.

On September 25, 1920, the defendant Allen, as Commissioner of Banks of the Commonwealth of Massachusetts, took possession of the property and business of the Cosmopolitan Trust Company under and in accordance with the provisions of St. 1910, c. 399, and acts in amendment thereof and in addition thereto, and under said statute is still in possession of such property and busi-- ness and has proceeded and is proceeding to collect and liquidate. The business of the trust company has stopped and it has ceased honoring or paying any checks or certificates' of deposit, and its debts exceed its collectible assets.

The certificates of deposit given the storage company payable October 25 and November 30, 1920, each for $5,000, were not paid when due, they have. never been paid, the storage company has never parted with the ownership of these last named certif- icates of deposit and was in possession of them on September 25, 1920. No part of the proceeds of the above transaction was ever received by the individual parties to the $30,000 note, but said Portsmouth Cold Storage Company alone received all the pro- ceeds of said note. The plaintiffs who signed the $30,000 note and the plaintiffs and their associates who signed the $50,000 note acted entirely for the benefit of the Portsmouth Cold Storage Company, and as between themselves and the Portsmouth Cold Storage Company were sureties and guarantors for the payment of the debt of $30,000; and this fact was known to the president of the trust company.

The commissioner of banks through his liquidating agent made demand upon the plaintiffs for the payment of the $30,000 note. He also made demand upon the Portsmouth Cold Storage Company for the payment of its note on November 30, 1920. The plaintiffs did not pay their note and the Portsmouth Cold Storage Company did not pay its note in response to the demands, but the plaintiffs, acting for the Portsmouth Cold Storage Company, paid to the liquidating agent $5,000 on December 2, 1920, and $5,000 on December 20, 1920, which sums were applied in reduction of the Portsmouth Cold Storage Company's note.

In response to demands subsequently made by the liquidating agent on the plaintiffs, they stated to the agent that they were willing, acting for the storage company, to pay in settlement of said debt $10,000 in money, and the said two certificates of deposit, adjusting interest on all delayed payments. To this the agent made reply that, inasmuch as they declined to pay the ($30,000) note in cash, there was nothing for him to do but to proceed in an orderly way to collect it. The first step would be to sell the collateral under the terms of the note, and this he would proceed to do unless he heard by return mail that the plaintiffs would settle the note in cash in full on or before the following Monday; and that after he sold the collateral he would take such steps as were necessary pending the result of the sale.

Prior to the filing of this bill on February 28, 1921, "a meeting of the directors of the said Cold Storage Company was held on February 26, 1921, duly called and held at which the following letter was presented by the plaintiffs and concerning which the following votes were passed:

[The letter]

"Confirming the mutual understanding of the members of the Board of Directors of the Portsmouth Cold Storage Company, we wish to advise that a note of the Portsmouth Cold Storage Company to the amount of Fifty Thousand Dollars dated July 30, 1920 was given to the Cosmopolitan Trust Company of Boston as collateral for a joint note of John K. Bates and Walter B. Farmer to the amount of Thirty Thousand Dollars, the proceeds of which Thirty Thousand Dollar note were turned over to the Treasurer of the Portsmouth Cold Storage Company as follows:

Ten Thousand Dollars cash

Twenty Thousand Dollars in certificates of deposit on the Cosmopolitan Trust Company, Boston, Mass.

"The Cosmopolitan Trust Company having been suspended at a time when two certificates of deposit of Five Thousand Dollars each remained unpaid, it is the intention of John K. Bates and Walter B. Farmer to protect the Portsmouth Cold Storage Company's note through a Bill in Equity against the Cosmopolitan Trust Company in order to obtain an off-set on the two Five Thousand Dollar certificates of deposit which the Cosmopolitan Trust Company did not pay and also to obtain the return to the

Portsmouth Cold Storage Company the said Company's Fifty Thousand Dollar note.

Walter B. Farmer
John K. Bates"

[The votes]

"Voted that this Company hereby consents that Messrs. John K. Bates and Walter B. Farmer may avail themselves by claiming right of set-off in any suit brought by the Cosmopolitan Trust Company of Boston against them of any claim which this Company has against the said Cosmopolitan Trust Company and particularly on two certificates of deposit issued by said Cosmopolitan Trust Company for Five Thousand Dollars each dated August 12, 1920 and payable one of October 25th, and the other November 30th, 1920."

"Voted: that in case Messrs. John K. Bates and Walter B. Farmer request that there be assigned to them two certificates of deposit issued by the Cosmopolitan Trust Company of Boston to this Company under date of August 12, 1920 of Five Thousand Dollars each, the secretary is hereby authorized to execute in behalf of this Company such assignment and affix the seal of this corporation thereto."

It is further agreed "That said Portsmouth Cold Storage Company has property sufficient to pay whatever may be found due from it on this debt and that it stands ready to pay whatever amount may be found due."

Whether the court shall make its decree as prayed for in the bill or grant further relief, turns upon the answer this court shall make to the question whether these plaintiffs are entitled to an equitable set-off, on the note of $30,000 signed by these plaintiffs, dated August 12, 1920, and held by the bank commissioner for the Cosmopolitan Trust Company of Boston, for two certificates of deposit issued by the said Cosmopolitan Trust Company to the order of the Portsmouth Cold Storage Company for $5,000 each, payable respectively on October 25 and on November 30, 1920, the plaintiffs paying and delivering to the said bank commissioner the amount of $10,000 in cash, with interest thereon, and with any interest on any different payments on said note of $30,000, less $597, and also delivering to said bank commissioner the said two certificates of deposit.

Upon the agreed facts the plaintiffs would have no right of set-off in an action at law against them on the $30,000 note, for the reason that the plaintiffs could not have sued the Cosmopolitan Trust Company upon its non-payment of the certificates of deposit, the Portsmouth Cold Storage Company never having transferred its title to them or parted with its possession to them. R. L. c. 174, §§ 1, 3 (see now G. L. c. 232). *Brooks* v. *Stackpole,* 168 Mass. 537. *McGuinness* v. *Kyle,* 208 Mass. 443.

Except under special circumstances and where the proofs are clear and the equity very strong, equity, following the law, will not allow a set-off in different rights than is allowed by the enacted statutes of set-off. *Jump* v. *Leon,* 192 Mass. 511. *Perry* v. *Pye,* 215 Mass. 403. *Scammon* v. *Kimball,* 92 U. S. 362, 367.

It is the contention of the plaintiffs that the proper administration of justice in the case at bar requires an allowance of the set-off to prevent irremediable injustice, which would result from compelling the plaintiffs to pay money for money which was never taken out of the assets of the defendant trust company nor received at any time by them or by their nominee. Their claim in reality being that in equity the inability and failure of the bank to honor and pay the certificates when payable affords to them the defence of a partial failure of consideration, and to the storage company a right of action in a defence by way of set-off at law. We think, however, that no injustice to the plaintiffs can follow a prosecution to judgment of the claim of the trust company against them. The Portsmouth Cold Storage Company "has property sufficient to pay whatever may be found due from it on this debt and . . . it stands ready to pay whatever amount may be found due." It follows that the plaintiffs can be fully reimbursed for the money which they shall pay upon the note which they gave for the accommodation of the Portsmouth Cold Storage Company. Moreover, it is plain that the object of the bill is not to save the plaintiffs from financial loss, but is to enable the storage company to collect indirectly its debt in full against the trust company, in liquidation. We do not think these circumstances call for the assistance of a court of equity. The bill should be dismissed with costs.

*Bill dismissed with costs.*