FOREIGN TRADE BANKING CORPORATION *vs.* COSMOPOLITAN TRUST COMPANY.

Suffolk. December 1, 1921. — February 28, 1922.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Bills and Notes,* Foreign bill of exchange. *Contract,* What constitutes. *Sale,* Of credit. *Damages,* In action upon foreign bill of exchange. *Evidence,* Presumptions and burden of proof.

Where a customer of a trust company in this Commonwealth pays to the trust company a sum of money, for which he receives from it a foreign bill of exchange drawn by it upon a bank in Italy, and payable in Italian lire to the customer or to his order or to the order of the Italian bank for the customer's account, the transaction constitutes a completed contract comprising a sale of credit by the trust company to its customer.

After the bank in Italy had refused to accept and pay a bill of exchange, issued in the circumstances above described, because the commissioner of banks had taken possession of the property and business of the trust company and had countermanded the orders, the customer cannot maintain against the trust company, after his claim has been disallowed by the commissioner, an action of contract for money had and received in the amount paid by him for the bill of exchange, but, after he has protested the bill and has given the trust company notice thereof, he may maintain an action against the trust company as the drawer of the bill of exchange; and in such action he may recover the value of the number of lire named in the bill upon the day when it was presented to the bank in Italy for acceptance and payment and was protested and notice was given to the trust company, with interest at six per cent upon that amount from that date and five per cent of that principal sum as damages under G. L. c. 107, § 9.

If, at the trial of an action upon a number of foreign bills of exchange, it appears that the current rate of exchange of the foreign money in which the bills were payable fluctuated on the date of demand and the evidence did not show the precise moment when demand was made on each of the bills, the fair and equitable rule is to calculate the principal on each bill at the average rate of exchange on the date when demand was made.

CONTRACT with a declaration in fifteen counts. The first count was for thirteen items of money alleged to have been had and received by the defendant to the use of the plaintiff. Each of the counts numbered two to fourteen, inclusive, was upon a foreign bill of exchange, drawn by the defendant upon the Credito Italiano and payable to the plaintiff in lire, some at Milan and

some at Genoa in Italy, and in each the plaintiff sought as damages the value, as of the date when the commissioner of banks took possession of the property and business of the defendant, of the number of lire described in the bill of exchange upon which the count was based, plus six per cent interest from that date and five per cent damages. The fifteenth count was upon all of the thirteen bills of exchange, and in it the plaintiff sought as damages the value as of the dates of demand of the lire named in the bills plus six per cent interest from that date and five per cent damages. Writ dated April 18, 1921.

In the Superior Court the action was heard by *Sanderson*, J., upon an agreed statement of facts. Material facts are described in the opinion. At the request of the parties and without any decision, the judge reported the action for determination by this court.

*J. G. Palfrey*, for the plaintiff.

*D. L. Smith*, for the defendant.

RUGG, C. J. This is an action of contract brought against the Cosmopolitan Trust Company after disallowance by the commissioner of banks in possession of its business and property of a claim presented by the plaintiff. G. L. c. 167, §§ 22 to 36. The plaintiff at various times, beginning with August 28, 1920, and ending with September 17, 1920, paid to the trust company a total of $177,051.60 for checks or foreign bills of exchange drawn by the trust company upon the Credito Italiano, a bank in Italy, payable without specification of date to the order of the plaintiff or to the order of that bank for the plaintiff's account. On September 25, 1920, which was before any of these were presented for payment, the commissioner of banks closed the defendant trust company by virtue of authority conferred upon him by the statute, and payment of the checks was countermanded. From time to time thereafter these checks or foreign bills were presented in due course for payment at the bank on which they were drawn, payment was refused and they were protested for non-payment. The current rate of exchange was substantially lower at the time of presentment and protest than when the trust company was closed.

The several transactions between the parties constituted a sale of credit by the trust company to the plaintiff, the checks or

bills of exchange issued being a means of establishing or transmitting the credit. They were completed contracts. The dishonor of the checks or bills of exchange constituted a breach of the obligation, for which the plaintiff is entitled to such damages as the law allows, and it cannot recover the amount paid in an action for money had and received, because the consideration has not failed.

It was provided by R. L. c. 73, § 9, in force when these checks or bills of exchange were issued, now G. L. c. 107, § 9, "When a bill of exchange, drawn or indorsed within this Commonwealth and payable beyond the limits of the United States, is duly protested for non-acceptance or non-payment, the party liable on such bill shall, on due notice and demand, pay it at the current rate of exchange on the date of the demand, with interest from the date of the protest and damages at the rate of five per cent upon the principal thereof; and the amount of principal, interest and damages, shall be in satisfaction of all charges, expenses and damages." The original of which this section is the present form was St. 1825, c. 177, § 1. The state of the law merchant as established by the usage in this Commonwealth prior to that time is described in *Grimshaw* v. *Bender*, 6 Mass. 157. See also *Suse* v. *Pompe*, 8 C. B. (N. S.) 538, and *Bank of United States* v. *United States*, 2 How. 711, 737. In some form the customs of international transactions have given the holder of a dishonored foreign bill of exchange damages for the breach of contract. Cost of protest and the price of re-exchange, or a flat percentage of the face of the bill, have prevailed in different jurisdictions. *Williams* v. *Avers*, 3 App. Cas. 133. *Adams* v. *Cordis*, 8 Pick. 260. *Tastet* v. *Baring*, 11 East, 265. *In re Commercial Bank of South Australia*, 36 Ch. D. 522.

The subject is set at rest for this Commonwealth by the statute. Its words are clear. The damages are fixed by the specified rate of five per cent on the principal. These damages are recoverable only in one way and upon a single essential condition precedent, namely, when liability is established by demand, protest and notice. There is no provision in the statute for damages upon any other footing. No exception is made for cases where, according to principles of the law merchant or terms of the statute applicable to other facts, demand, protest and notice might be

excused. Therefore, the principal cannot be determined until the time and circumstances have conjoined so that the right to damages has occurred. That principal is fixed by the very terms of the statute at the current rate of exchange "on the date of the demand." It follows that the plaintiff is entitled to recover that amount together with damages at five per cent thereof.

The point is in substance covered by the decision in *American Express Co.* v. *Cosmopolitan Trust Co.* 239 Mass. 249, where it was said, "We see no reason why the plaintiff is not entitled to a judgment which shall measure its damages in strict conformity to the statute. *Kittredge* v. *Osgood,* 161 Mass. 384." In that case the date of demand and protest was taken as the basis for judgment and not September 25, 1920, the date when the commissioner took possession of the trust company and closed it for business. It follows from what has been said that *White* v. *Knox,* 111 U. S. 784, *Richmond* v. *Irons,* 121 U. S. 27, 64, and *Usher* v. *A. S. Tucker Co.* 217 Mass. 441, are not apposite to the facts and statute here controlling.

A further question arises because "the current rate of exchange on the date of the demand" fluctuated. The record does not show the moment during the day when demand on each of the checks or bills of exchange was made. Under these circumstances, the fair and equitable rule is to calculate the principal on each check at the average rate of exchange on the date when the demand was made. This amount in the aggregate is agreed to be $157,803.31. On this sum the damages are to be computed at five per cent.

*Judgment accordingly.*