JOHN A. WOGAN, INC. *vs.* TREMONT TRUST COMPANY & another.

Suffolk. June 27, 1922. — September 15, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Trust Company,* In liquidation. *Equity Jurisdiction,* To establish claim to funds attached in trustee process and held by a trust company when commissioner of banks took possession. *Trustee Process. Attachment.*

One who, as the plaintiff in an action begun by trustee process, has attached funds of the defendant therein in the hands of a trust company, has had the trust company charged as trustee, has procured a judgment against the defendant and,

506    JOHN A. WOGAN, INC. v. TREMONT TRUST CO.    [242

the trust company refusing to deliver the funds under attachment, has instituted scire facias proceedings against it, until judgment in the proceedings in scire facias cannot maintain a bill in equity, to establish his claim and require payment of the funds attached, against the commissioner of banks, who had taken possession of the property and business of the trust company subsequent to the attachment and before the institution of the proceedings in scire facias.

*It seems* that the attachment above described was not dissolved when the commissioner of banks took possession of the property and business of the trust company, and that, when there has been a judicial settlement in the scire facias proceedings of the amount of the lien and of the credits upon which it exists, resort may be had, if necessary, under G. L. c. 167, § 36, to determine the obligation of the commissioner to satisfy the lien and the source or sources liable for its payment in whole or in part.

BILL IN EQUITY, filed in the Supreme Judicial Court on May 8, 1922, and afterwards amended, against the Tremont Trust Company and the commissioner of banks in possession of its property and business, to establish a claim of the plaintiff upon certain money attached by the plaintiff in trustee process and in the possession of the trust company when the commissioner of banks took possession.

The pleadings are described in the opinion. The suit was reserved by *De Courcy*, J., for determination by the full court upon the bill as amended and an answer by the defendants containing a demurrer.

The case was submitted on briefs.

*A. F. Flint*, for the plaintiff.

*D. L. Smith*, for the defendants.

JENNEY, J. On November 3, 1920, Isidore and Harry Krasin as copartners had to their credit in the commercial department of the Tremont Trust Company $435.70, of which $284.44 was subject to an attachment by trustee process discharged in the following month; Isidore Krasin had in the same department $1,314.40 of which he was permitted to withdraw $1,300 ten days later; and Harry Krasin had $519.62 in the savings department of the trust company.

On the day stated, a writ in an action in the Municipal Court of the City of Boston by the plaintiff against the Krasins as partners, in which the bank was named as trustee, was served on the latter. The plaintiff recovered judgment for $625.93 and $31.19 costs, on which execution issued against the principal

defendants and against their goods, effects and credits in the possession of the trust company.

Demand having been made on the trustee without avail and the execution returned unsatisfied, on July 29, 1921, the plaintiff began proceedings in *scire facias*. This action has been heard, but not decided.

On February 17, 1921, Joseph C. Allen as commissioner of banks took possession of the property of the trust company. At that time Harry Krasin had $528.39 in its savings department, for which he thereafter received a certificate of claim. This certificate has been transferred to Nathan Krasin by an assignment approved by the commissioner.

The plaintiff, seeking relief in equity, prays for the establishment and enforcement of the lien of his attachment against the property in the hands of the commissioner. The only other defendant is the trust company. The case is before us on the bill and an answer containing a demurrer setting up the failure to join the necessary parties and lack of equity, and in substance admitting the allegations of the bill as herein summarized.

It is unnecessary to consider the effect of the failure to join the Krasins and the assignee of the deposit of Harry in the savings department.

While it may be assumed that after the commissioner has taken possession of the property of a trust company in accordance with G. L. c. 167, § 22, the funds in his hands are not subject to attachment (*Travelers Ins. Co.* v. *Maguire,* 218 Mass. 360), such action does not dissolve an attachment by trustee process made prior thereto. The lien still continues. *Hubbard* v. *Hamilton Bank,* 7 Met. 340. Its establishment is not the proper function of a court of equity. See *Williston Seminary* v. *Easthampton Spinning Co.* 186 Mass. 484. It is an incident to the action in which it had been created. *Universal Optical Corp.* v. *Globe Optical Co.* 228 Mass. 84. No provision has been made for the establishment of the lien in direct proceedings against the commissioner, hence the case is not like *Hulbert* v. *Branning,* 15 Gray, 534, and *Guptill* v. *Ayer,* 149 Mass. 49.

When the amount of the lien and the credits upon which it exists have been judicially settled in the scire facias proceedings, resort may be had, if necessary, under G. L. c. 167, § 36, to

determine the obligation of the commissioner to satisfy the lien and the source or sources liable for its payment in whole or in part. See *Davis* v. *Mazzuchelli,* 238 Mass. 550, 556; *American Express Co.* v. *Cosmopolitan Trust Co.* 238 Mass. 249, 254; *Bates* v. *Cosmopolitan Trust Co.* 240 Mass. 162; *Foreign Trade Banking Corp.* v. *Cosmopolitan Trust Co.* 240 Mass. 413.

A decree must be entered dismissing the bill.

*Ordered accordingly.*