COSMOPOLITAN TRUST COMPANY *vs.* SUFFOLK KNITTING
MILLS.

SUFFOLK KNITTING MILLS, INC. *vs.* COSMOPOLITAN TRUST
COMPANY.

Suffolk.    November 20, 1923. — February 25, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Trust Company,* In liquidation: enforcement of claim by creditor; Set-off;
Interest. *Evidence,* Judicial notice. *Practice, Civil,* Cross action.

In a report by a judge of the Superior Court, who heard cross actions by the
Cosmopolitan Trust Company, prosecuted by the commissioner of banks,
against a corporation which was a debtor of that company on September
25, 1920, and by the corporation against the trust company, defended by
the commissioner of banks, there was no statement concerning the assets
and liabilities of the trust company, but this court *stated* that other pro-
ceedings which had come before it showed with conclusiveness that the
trust company on that date was hopelessly insolvent and that the cases
must be considered upon that footing.

All " claims " against a trust company in liquidation under the provisions of
G. L. c. 167, §§ 21–36, should be presented in the first instance to the com-
missioner of banks, and, until he has passed upon such a claim unfavorably
to the creditor, no action nor suit to enforce such a claim will be permitted.

Sections 21–36, inclusive, of G. L. c. 167, and corelated statutory provisions
confer no arbitrary or judicial power upon the commissioner of banks in
determining what disposition shall be made of claims of creditors in the
liquidation of a trust company, but ample opportunity is afforded to all
creditors, whose claims are not fully allowed by the commissioner, to es-
tablish their claims and enforce their rights to dividends according to the
recognized principles of law in courts of justice.

Creditors of an insolvent trust company, whose property and business are
in the possession of the commissioner of banks for purposes of liquidation,
do not have a general right of election either to prove their claims before
the commissioner or to institute actions or suits.

A trust company remains in existence as a corporate entity even though the
commissioner of banks has taken possession of its property and business,
and it is subject to suits and actions in appropriate cases.

The time when the commissioner of banks took possession of the property and
business of a trust company under G. L. c. 167, § 22, for purposes of liquida-
tion has been established as the date for adjusting the rights of the parties
and fixing the amount due to general creditors and making interest adjust-
ments, and a creditor by bringing an action thereafter cannot be permitted
to increase his proved claim by the addition of interest alleged to be due
after the date when the commissioner took possession.

After the commissioner of banks had taken possession of the property and business of a trust company which was insolvent and, in the name of the trust company, had brought an action against a corporation which was the maker of a note payable to the trust company, the corporation instituted a cross action at law against the trust company to recover the amount of a balance appearing due to it upon a deposit account in the commercial department of the trust company, which account the corporation previously had proved before the commissioner, who had allowed it in full and had issued to the corporation a certificate of proof, stamping thereon " Subject to rights of set-off to be hereafter determined." *Held*, that

(1) The corporation could not be permitted to recover judgment in its cross action for the purpose of setting off an execution thereon against one to be obtained by the trust company in the action upon the note;

(2) The corporation could not be permitted to maintain such cross action for the purpose of increasing the amount of its claim by interest accruing thereon during the time after the commissioner took possession;

(3) No reason appeared for the entry of a judgment, general or special or with stay of execution, in order to conserve the rights of the corporation;

(4) The cross action did not fall within any of the classes of actions expressly permitted by G. L. c. 167, §§ 21-36, nor was it authorized by anything fairly inferable from those or other provisions of the liquidation statutes;

(5) Judgment should be entered for the trust company in the main action and in the cross action, but without prejudice to the rights of the corporation under its proof of claim to share proportionately in the assets of the trust company.

Two ACTIONS OF CONTRACT, the defendant in the first action being described as " Suffolk Knitting Mills," and that action being based upon a promissory note for $40,000; the plaintiff in the second action being described as " Suffolk Knitting Mills, Inc.," and that action being based upon a sum of money alleged to be due the plaintiff by reason of a checking account in the Cosmopolitan Trust Company. Writs dated respectively January 19 and 20, 1922.

In the Superior Court, the actions were heard together by *Qua,* J., without a jury. Material facts found by the judge are described in the opinion. The judge stated that there was no question of set-off involved; and that the trust company contended " that the only method open to the Knitting Mills to enforce its right, is by proof of its claim under G. L. c. 167, § 28, and having filed its proof of claim and been allowed the full amount so claimed, it is barred from any other remedy."

In the first action the judge " found for the plaintiff for

the balance due on the note of $21,990.49, with interest of $3,203.28, making a total of $25,193.77."

In the second action he "found for the plaintiff in the sum of $18,461.29, the full amount of its deposit in the commercial department of the trust company, and the amount of its claim which was allowed by the commissioner, with interest from the date of the writ, amounting to $1,449.21 making a total of $19,910.50."

The defendant in the first action filed a motion that it be continued to await judgment in the second action. The motion was denied.

At the request of the plaintiffs, the judge reported the actions to this court for determination.

*S. M. Child,* for Cosmopolitan Trust Company.

*M. Witte,* for Suffolk Knitting Mills.

RUGG, C.J. These are two actions at law. The first is brought by the Cosmopolitan Trust Company to recover on a note made to its order by the Suffolk Knitting Mills, first discounted in its commercial department but later sold to its savings department and paid for at face value with funds of that department. No question is made as to the liability of the knitting mills on its note. Confessedly judgment ought to be entered for the trust company for the full amount due on the note.

The commissioner of banks on September 25, 1920, took possession of the property and business of the trust company by virtue of the power conferred on him by the statute, has ever since retained such possession, and is now liquidating its affairs. There is nothing in this record concerning the state of the assets and liabilities of this trust company. If and so far as that is of any consequence, other proceedings have shown with seeming conclusiveness that it is hopelessly insolvent. See, for example, *Bates* v. *Cosmopolitan Trust Co.* 240 Mass. 162, 164; *Commonwealth* v. *Commissioner of Banks in re Prudential Trust Co.* 240 Mass. 244; *Commissioner of Banks in re Prudential Trust Co.* 244 Mass. 64, 72; *Cosmopolitan Trust Co.* v. *Lyons,* 244 Mass. 115, 121. It would be closing our eyes to the obvious to proceed on any other footing.

The second action is a cross action brought by the Suffolk Knitting Mills to recover the amount due on its checking account in the commercial department of the trust company on the date when the commissioner of banks took possession of its property and business. There is no controversy as to the amount of this claim. The knitting mills duly proved its claim for this same debt to the commissioner of banks under G. L. c. 167, § 28. That claim was allowed in full by the commissioner who issued to the knitting mills certificate of proof, stamping thereon, " subject to rights of set-off to be hereafter determined." The knitting mills has not in fact received or demanded its share of the dividend already paid to creditors of the trust company. If it had demanded such share, the commissioner would have withheld payment because of the claim of the trust company against it on its note. The knitting mills has not asked to expunge or withdraw that claim.

The question presented is whether on these facts the knitting mills is entitled to prosecute its claim to judgment in the cross action.

No question of set-off is now involved, since that contention is not made by the knitting mills. Hence *Bailey* v. *Commissioner of Banks*, 244 Mass. 499, 501, and cases there cited, are not directly controlling. It is stated in the report that " it is no doubt the hope of the knitting mills that it may later set off its execution against the trust company's execution under G. L. c. 235, § 27."

There is nothing further in the record, either in the pleadings of the knitting mills or elsewhere, to indicate the purpose or to disclose a special justification for the maintenance of the cross action. The commissioner of banks is representing and acting for the trust company in each action.

The provisions of G. L. c. 167, §§ 21–36, as to the liquidation of a " bank," which by definition of c. 167, § 1, includes a trust company, are not complete and explicit. Much is left to implication and inference. It already has been held that thereby " the General Court has dealt comprehensively with the subject of liquidation of banks and trust companies. . . . It is a general principle that, when legislation

covers the entire field, previous provisions of either the common or statutory law in conflict therewith become no longer operative." *Commonwealth* v. *Commissioner of Banks, in re Prudential Trust Co.* 240 Mass. 244, 250. Those words were used with specific reference to an alleged preference sought to be established with respect to a deposit by the Commonwealth in a trust company in liquidation, but they are equally applicable to the question of methods of establishment of claims against a trust company in liquidation.

It is manifest from analysis of the relevant sections of the statute that it was the general purpose of the Legislature that all " claims " against a trust company in liquidation should be established by and before the commissioner of banks in possession of the property and business for purposes of litigation. That is the express provision of § 28. A claim presented to and rejected by him must be put in action within six months after service of notice of rejection. § 28. The actions of *American Express Co.* v. *Cosmopolitan Trust Co.* 239 Mass. 249, and *Foreign Trade Banking Corp.* v. *Cosmopolitan Trust Co.* 240 Mass. 413, were brought pursuant to this provision of the statute. Lists of all claims presented to the commissioner and of all those rejected by him must be filed at specified times in his own office and with the clerk of the Supreme Judicial Court of the county where the principal office of the trust company is located. § 29. Dividends can be paid upon " claims " allowed by the commissioner, without objection by any person in interest, and upon claims, which have been allowed by the commissioner but to which objection is made by any party in interest, when established by the judgment of a court of competent jurisdiction. § 31. Those are the only classes of claims expressly mentioned in § 31, which relate to dividends. But by implication there is included such " claims " rejected by the commissioner under § 28 as are established in a court of competent jurisdiction pursuant to the action authorized by that section upon such rejected claims. Of course, claims so established ought immediately to be scheduled by the commissioner among claims allowed. See *Beecher* v. *Cosmopolitan Trust Co.* 239 Mass. 48. Rights

of set-off may be adjudicated in proceedings instituted by or in behalf of the trust company, as is shown in *Bailey* v. *Commissioner of Banks*, 244 Mass. 499, 501, and cases there collected. Equitable rights and obligations may be adjudicated under § 36 in all cases where required in order to do justice. See, for example, *Beecher* v. *Cosmopolitan Trust Co.* 239 Mass. 48, *Steele* v. *Commissioner of Banks in re Prudential Trust Co.* 240 Mass. 394, *Hecker-Jones-Jewell Milling Co.* v. *Cosmopolitan Trust Co.* 242 Mass. 181. There is also right of action by a creditor against a trust company for the purpose of enabling the liability of stockholders for the " contracts, debts and engagements " of the trust company to be enforced. G. L. c. 172, § 24; c. 167, § 24; c. 158, § 49. That right, although not conferred by the express words of the statute, arises by necessary implication from that clause of G. L. c. 167, § 24, authorizing the commissioner of banks in possession of a trust company for purposes of liquidation to enforce the liability of stockholders under the conditions set forth in c. 172, § 24, and c. 158, § 49. *Cosmopolitan Trust Co.* v. *Cohen*, 244 Mass. 128. *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 247 Mass. 334. Thus no arbitrary power is conferred upon the commissioner of banks in the liquidation of a trust company. Ample opportunity is afforded to all creditors, whose claims are not fully allowed by the commissioner, to establish their claims and enforce their rights to dividends according to recognized principles of law in courts of justice. No judicial powers are conferred upon the commissioner of banks, who is a purely administrative officer. *Cosmopolitan Trust Co.* v. *Mitchell*, 242 Mass. 95, 116, 117, 118. Every creditor of a trust company in process of liquidation, so far as necessary to protect his rights and secure full recognition of his just claims, may enforce all his rights in the courts by forms of procedure which are expeditious and which will not offer means for undue delay in the final settlement and distribution of the assets among the many entitled to share.

There is under our statutes no general right of election by creditors of an insolvent trust company in the possession of the commissioner of banks for purposes of liquidation, either

(1) to prove their claims before the commissioner of banks or (2) to institute actions at law. That election is afforded by the express terms of the national bank act. U. S. Rev. Sts. § 5236. *Bank of Bethel* v. *Pahquioque Bank*, 14 Wall. 383, 401, 402. *Kennedy* v. *Gibson*, 8 Wall. 498, 506. *Chemical National Bank* v. *Hartford Deposit Co.* 161 U. S. 1, 7. *Rankin* v. *Emigh*, 218 U. S. 27. The terms of our statute, although following in many respects the national bank act, *Cosmopolitan Trust Co.* v. *Mitchell*, 242 Mass. 95, 114, 115, are different and more restricted in this particular.

There is ground for argument that presentation of its claim by the knitting mills to the commissioner of banks, and its allowance for its face without subsequent withdrawal, constituted an election by the knitting mills to rely on that procedure as its means of enforcing its claim. *Hewitt* v. *Hayes*, 205 Mass. 356, 364.

The trust company remains in existence as a corporate entity even though the commissioner of banks has taken possession of its property and business and is subject to suits and actions in appropriate cases. *American Express Co.* v. *Cosmopolitan Trust Co.* 239 Mass. 249. *Beecher* v. *Cosmopolitan Trust Co.* 239 Mass. 48. *Foreign Trade Banking Corp.* v. *Cosmopolitan Trust Co.* 240 Mass. 413. *Bates* v. *Cosmopolitan Trust Co.* 240 Mass. 162. *Hecker-Jones-Jewell Milling Co.* v. *Cosmopolitan Trust Co.* 242 Mass. 181. *John A. Wogan, Inc.* v. *Tremont Trust Co.* 242 Mass. 505. *Cosmopolitan Trust Co.* v. *Cohen*, 244 Mass. 128. *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 247 Mass. 334. But the liquidation statutes confer no general right sufficiently extensive to justify the present action in the absence of some special reason requiring recognition of the right of action in order to do justice and fully to protect the rights of the creditor.

The comprehensive terms of our present statutes as to the liquidation of trust companies distinguish the case at bar from cases arising under general equity jurisdiction concerning receivers. *Watson* v. *Phoenix Bank*, 8 Met. 217, 222.

It is manifest that, so far as concerns the liquidation of a trust company, no such action at law as disclosed in the

present cross action is allowed under our statute. The general plan of the statute is that the commissioner of banks shall gather all the assets of the trust company and convert them into cash at the earliest moment consistent with sound administration and distribute them after deducting necessary expenses in dividends of equal proportion among creditors of the same grade or class who have established claims in accordance with the statute. The fundamental principle is equality of treatment among all creditors of the same grade or class. This principle is of paramount importance. It cannot be circumvented by any accident of procedure. It already has been held that creditors of the class to which the knitting mills belongs, that is, depositors in the commercial department of the trust company, cannot set off claims of that nature against their liability to the savings department upon obligations held by it against them. *Kelly* v. *Commissioner of Banks*, 239 Mass. 298. *Cosmopolitan Trust Co.* v. *Rosenbush*, 239 Mass. 305. *Bachrach* v. *Commissioner of Banks*, 239 Mass. 272. *Tremont Trust Co.* v. *Baker*, 243 Mass. 530, 532. *Tremont Trust Co.* v. *C. H. Graham Furniture Co.* 244 Mass. 134, 137. *Bailey* v. *Commissioner of Banks*, 244 Mass. 499. Those decisions have been rendered in actions with respect to obligations held by savings departments of trust companies in liquidation against their debtors who at the same time were creditors of the commercial departments. Those decisions are based on the ground that the investments of the savings department are held in trust for the depositors in that department and that its assets cannot be depleted to the detriment of those depositors by allowing a depositor in the commercial department to set off his deposit in that department against a debt owed by him to the savings department. That reason applies with equal force to any attempt to accomplish the payment, in whole or in part, of an obligation arising from a debt due directly to the savings department with an obligation of the commercial department, whatever may be the form of the attempt. The set-off of executions under G. L. c. 235, § 27, is as obnoxious to the reason of those decisions and to the underlying principle on which they rest as a set-

·off of claims in an action at law under G. L. c. 232. Any such set-off is violative of the basic principle of liquidation of a trust company to the effect that there shall be absolute equality of liability and of dividends among debtors and creditors of the same class, and that one debtor of the savings department shall not pay his debt with a debased coinage as compared with other debtors of that department, nor a creditor of the commercial department get a larger dividend ·on such claim because at the same time he is a debtor of the savings department.

The time when the commissioner of banks took possession of the property and business of the trust company has been established in numerous cases as the date for adjusting the rights of parties and fixing the amounts due to general ·creditors. *Cosmopolitan Trust Co.* v. *Ciarla,* 239 Mass. 32. *American Express Co.* v. *Cosmopolitan Trust Co.* 239 Mass. 249. *Commissioner of Banks in re Prudential Trust Co.* 244 Mass. 64, 77. *Gerold* v. *Cosmopolitan Trust Co.* 245 Mass. 259, 262. *Commissioner of Banks* v. *Hanover Trust Co.* 247 Mass. 347. Although the matter of interest is probably not very large, still a creditor by bringing action cannot, with due regard to the principle of equality and equity governing liquidation proceedings, be permitted to increase his provable claim by the amount of interest due since the date when the commissioner of banks took possession of the trust company over general creditors whose claims are ascertained as of that date. ·

Since the amount of the claim of the knitting mills must be ascertained as of September 25, 1920, it is not necessary to discuss further the question of interest. See *Williams* v. *American Bank,* 4 Met. 317, 323; *Thomas* v. *Minot,* 10 Gray, 263; *Thomas* v. *Webster Car Co.* 149 U. S. 95, 116, 117; *American Iron & Steel Manuf. Co.* v. *Seaboard Air Line Railway,* 233 U. S. 261, 266; *National Bank of the Commonwealth* v. *Mechanics' National Bank,* 94 U. S. 437; *Billings* v. *United States,* 232 U. S. 261, 285. The divergent principles illustrated by the foregoing decisions have no relevancy to the case at bar.

This cross action is not necessary in order to make founda-

tion for enforcement of the liability of stockholders. That already had been done. *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 247 Mass. 334.

The liquidation statutes and the facts already set forth distinguished the case at bar from *Coburn* v. *Boston Papier Mâché Manuf. Co.* 10 Gray, 243, and *Watson* v. *Phoenix Bank,* 8 Met. 217, 222.

If there appeared to be any reason for the entry of a judgment, general or special, or with stay of execution, in order to conserve the rights of the knitting mills, doubtless that might be done. *Davenport* ·v. *Tilton,* 10 Met. 320, 330. *Loring* v. *Eager,* 3 Cush. 188, 191. *Barry* v. *New York Holding & Construction Co.* 229 Mass. 308. No ground was suggested at argument as justification for this course, and we have been unable to think of any.

It was said by the court, speaking through Mr. Justice Holmes in *Archambeau* v. *Platt,* 173 Mass. 249, 251, " Apart from statute, we cannot see how it is possible to justify bringing an action which it is admitted never can result in satisfaction from the defendants." *Train* v. *Marshall Paper Co.* 180 Mass. 513, 515. There is nothing on this record to indicate that there can ever be further satisfaction on the ·claim of the knitting mills after the payment of the final dividend in this liquidation proceeding. While we might hesitate to rely on this ground alone, it is worth mentioning among the general considerations attendant upon the case at bar.

The conclusions irresistibly flowing from these considerations are that the knitting mills cannot recover judgment in its cross action for the purpose of setting off its execution against that of the trust company, nor of increasing the amount of its claim by interest since the commissioner took possession of the trust company. Its claim sought to be enforced in this cross action has been already presented to the commissioner of banks and allowed for its full face. Sharing in the assets of the trust company according to its ratable proportion is all the gain that can come to it out of the trust company as far as shown on this record.

The cross action in the case at bar does not fall within any

of the classes of action expressly permitted by G. L. c. 167, §§ 21–36. It is not authorized by anything fairly inferable from those or other provisions of the liquidation statutes. It is not required in order to protect or conserve any right of the knitting mills.

It follows that the knitting mills is not entitled to prosecute its claim to a judgment in the cross action. Judgment is to be entered for the plaintiff in the main action; and judgment for the defendant in the cross action, but without prejudice to the rights of the knitting mills under its proof of claim to share proportionately in the assets of the trust company.

*So ordered.*