JACOB PAULINK *vs.* AMERICAN EXPRESS COMPANY.

Suffolk.    November 9, 1928. — November 27, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Bills and Notes,* Drawer, Foreign bill of exchange. *Contract,* Validity, Construction, Performance and breach, In writing, Implied. *Sale,* What constitutes. *Evidence,* Extrinsic affecting writing. *Trust,* What constitutes fiduciary relation. *Limitations, Statute of.*

In an action for money had and received, commenced in 1925 against an express company, it appeared that the defendant in 1916 received a sum of money from the plaintiff, who could not speak nor write English and who dealt with the defendant through an interpreter, and issued therefor to the plaintiff a "cheque" drawn on a bank in Russia, which provided, "On presentation of this Cheque, pay from our credit balance, To the order of . . . [the plaintiff]" a certain number of rubles; and also issued a "remitter's receipt," stating that the defendant had issued the check and describing it, and stating that the "check is sold with the understanding that it will be paid in accordance with the laws of the country on which drawn"; that the plaintiff in 1916 made demand upon the defendant for a return of the money paid by him to it; and that the plaintiff had always kept the check and had never sent it to Russia for collection. The plaintiff sought to recover the money as "Money paid for traveler's check unused." The trial judge ordered a verdict for the defendant. *Held,* that

(1) The payment by the plaintiff and the issuance of the check and receipt constituted a completed purchase and sale of credit;

(2) No mistake and no failure of consideration appeared;

(3) No fiduciary relationship existed between the plaintiff and the defendant;

(4) The statute of limitations barred the action.

It *was stated* that, no deceit appearing on the part of the defendant, the plaintiff was bound by the terms of the instruments in writing even if he did not understand their purport or the English language.

It *was stated* that, if the action had been based upon the check, the defendant was not liable thereon in the absence of presentment, protest and notice of nonpayment.

It *was stated* that the contracts in writing contained in the check and the receipt governed the rights of the parties, and testimony offered by the plaintiff in variance therewith properly was excluded.

CONTRACT.    Writ dated December 29, 1925.

The pleadings, and certain facts agreed upon at the trial in the Superior Court before *Whiting*, J., are described in the opinion. The plaintiff testified that he could not write nor speak English; that, when he went to the defendant's office to make the deposits mentioned in the opinion, he was accompanied by one Ostrwski, who acted as his interpreter. Questions asked the plaintiff on direct examination as to what he understood Ostrwski to say to the defendant's agent, what he told Ostrwski to tell the agent, what agreement he had with the defendant in relation to the money deposited, and what talk he had with the defendant's agent a few days after the last deposit, were excluded subject to the plaintiff's exception. The plaintiff testified that he had always held the drafts and never sent them to Russia for collection.

Ostrwski testified that, on the plaintiff's behalf, he asked the defendant's agent if the plaintiff could deposit the money with the defendant "for the time he is to go to Russia . . . 'But he don't want any checks now to send to Russia before he lets you know' . . . he don't want to send it [the money] to Russia before we let you know . . ."; and that the defendant's agent, after consulting some one, said it would be "All right," and took the deposits at various times. Ostrwski's testimony was admitted *de bene* subject to the defendant's exception, which was renewed at the close of the evidence.

One Minsky testified that he went with the plaintiff to the defendant's office in 1916 and told the defendant's agent that the plaintiff wanted his money back; and that the agent said the defendant had sent the money to Russia, but that the plaintiff's money was safe and he could get it "in thirty years."

At the close of the plaintiff's evidence, the judge ordered a verdict for the defendant, and the plaintiff alleged exceptions.

*N. Quint,* for the plaintiff.

*L. Wheeler, Jr.,* for the defendant.

RUGG, C.J.     The plaintiff's declaration is for money had and received.     The bill of particulars sets out four several sums, each described as "Money paid for traveler's check unused," with specification of the amount.     The defendant pleaded in answer a general denial and the statute of limitations.     It was agreed that these several sums were received by the defendant on the dates alleged in 1915 and 1916, and that, when each was paid, the defendant issued to the plaintiff its "cheque" and its "remitter's receipt."     These were the same in each instance, except as to dates and amounts.     Each "cheque" was drawn on the Russo Asiatic Bank at Petrograd, Russia, in these terms: "On presentation of this Cheque, pay from our credit balance, To the order of Jacob Paulink" a stated number of "rubles."     The receipt issued to accompany the first "cheque" was of the tenor following:

"REMITTER'S RECEIPT
Caution.
Send Check by Registered Mail.

This check is sold with the understanding that it will be paid in accordance with the laws of the country on which drawn, which usually do not require identification of payees.

We have this day issued our Check
No. 268698.

Amount of Foreign Money....................Ro. 4500.
Rate 32.15          $1446.75
Payable to Jacob Paulink
By Russo Asiatic Bank

At Petrograd
Sold to Same
Dated Dec. 8, 1915.

AMERICAN EXPRESS COMPANY

F. A. Eastman

Cashier Financial Dept."

The other receipts were in the same form differing only as to dates and amounts.

It is plain that the plaintiff cannot recover upon the contracts shown by the written instruments. The transactions as thus shown were completed purchases and sales of credit. No mistake or failure of consideration is shown. The plaintiff received what he bought. *Beecher* v. *Cosmopolitan Trust Co.* 239 Mass. 48. *American Express Co.* v. *Cosmopolitan Trust Co.* 239 Mass. 249. *Carmen* v. *Higginson,* 245 Mass. 511, 519.

The contracts were in writing. The plaintiff was bound by their terms in the absence of deceit on the part of the defendant even though not understanding their purport and ignorant of the English language. *Secoulsky* v. *Oceanic Steamship Navigation Co.* 223 Mass. 465. *Long* v. *Agricultural Ins. Co.* 257 Mass. 240, 243. *Wilkisius* v. *Sheehan,* 258 Mass. 240, 243. There was no such deceit.

There is no allegation and there is no proof of a breach of the contracts by the defendant. They were foreign bills of exchange. Presentment to the drawee, protest and notice of nonpayment were necessary in order to charge the defendant. *Foreign Trade Banking Corp.* v. *Cosmopolitan Trust Co.* 240 Mass. 413. G. L. c. 107, §§ 149, 152, 93, 84, 106, 112, 175, in substance the same as sections in force at the time these contracts were made.

Testimony as to contemporaneous oral agreement differing from that shown by the bills of exchange and receipts, even though admitted without objection, cannot be considered. The written contracts govern the rights of the parties. *Goldband* v. *Commissioner of Banks,* 245 Mass. 143, 150, and cases collected. *Canton* v. *Thomas,* 264 Mass. 457, 459. Questions asked of the plaintiff bearing on this point were excluded rightly. Moreover, no offer of proof was made

by the plaintiff. *Cook* v. *Enterprise Transportation Co.* 197 Mass. 7, 10. *C. F. Hovey Co., petitioner,* 254 Mass. 551, 555.

No fiduciary relation existed between the parties. The defendant did not receive the money of the plaintiff in any trust capacity. The transaction was purely contractual in its nature. It related to the subject of negotiable instruments, which is governed by statutes and general commercial usages and had no connection with the subject of trusts. *Carr* v. *National Security Bank,* 107 Mass. 45, 48.

The statute of limitations is a defence to the action, whether it be treated as beginning to run from the date of the issuance of the bills of exchange or upon the expiration of a reasonable time thereafter for presentment to the drawee, or from the time of the plaintiff's demand on the defendant in 1916. G. L. c. 107, §§ 29, 94, 107, 208, 209. In any event, much more than the statutory period had elapsed after any possible cause of action deducible from the record accrued before the writ was sued out in December, 1925. G. L. c. 260, § 2.

*Exceptions overruled.*