ERNEST ST. ANDREW *vs.* MANCHAUG MANUFACTURING
COMPANY.

Worcester.   Oct. 5, 1882. — Jan. 8, 1883.   C. ALLEN, COLBURN & HOLMES,
JJ., absent.

At the trial of an action brought for the benefit of an assignee of the amount due
and to become due the plaintiff for wages as a laborer in the employ of the
defendant, a corporation, there was evidence that the defendant " had tenement
houses to rent to its operatives, and also kept a store from which it sold goods
to its operatives and others;" that, "when pay-days came, the defendant de-
ducted from the amount of wages the plaintiff had earned during each month
certain sums due it for rent of the defendant's tenement occupied by the plain-
tiff, and for goods sold to the plaintiff from the defendant's store," and paid the
remainder to the assignee, who received it under a protest that he was entitled
to the whole of the wages; and that " the retention of rent and store bills by
the defendant from the wages of its operatives was the custom of the defend-
ant's business for a long time," of which custom the assignee had notice before
the assignment.   *Held*, that this was not evidence that it was a part of the
contract of employment that the plaintiff should be paid, either in whole or in
part, for his labor in rent or goods; and that, after notice of the assignment,
the defendant could not set off against the assignee's claim demands against the
plaintiff not arising from the contract of employment.

CONTRACT, brought for the benefit of Julius D. Whipple and
A. F. Jones, for a sum of money alleged to be due them from the
defendant, under an assignment to them by the plaintiff of all
claims and demands for money due and to become due for ser-
vices as a laborer in the employ of the defendant from Novem-
ber 1, 1879, to November 1, 1880.   Trial in the Superior Court,
without a jury, before *Mason*, J., who found and ordered judg-
ment for the plaintiff; and the defendant alleged exceptions.
The facts appear in the opinion.

*W. S. B. Hopkins*, for the defendant.

*C. G. Keyes*, for the plaintiff.

FIELD, J.   The principal question presented by these excep-
tions is, whether there was any evidence that, by the contract
under which the plaintiff was employed, the defendant had the
right to make payments "in rent or goods," or was under any
obligation to make payments in that manner.   No evidence ap-
pears that the plaintiff expressly agreed with the defendant that
he would occupy one of its tenements, or buy goods at its store
and pay therefor by his labor; or that he would receive payment

for his labor, in whole or in part, in goods, or by occupying a tenement of the defendant; or that the defendant agreed, in consideration of the labor of the plaintiff, to let him a tenement or to sell him goods.   The only evidence stated in the exceptions from which the court was asked to infer any such agreement was, that the defendant "had tenement houses to rent to its operatives, and also kept a store from which it sold goods to its operatives and others;" that, "when pay-days came, the defendant deducted from the amount of wages the plaintiff had earned during each month certain sums due it from the plaintiff for rent of the defendant's tenement occupied by the plaintiff, and for goods sold to the plaintiff from the defendant's store," and paid the remainder to the assignees for whose benefit this action was brought, who received it under a protest that they were entitled to the whole of the wages, and "that the retention of rent and store bills by the defendant from the wages of its operatives was the custom of the defendant's business for a long time," of which custom the assignees had notice before the assignment.   All this is evidence of a usage of setting off mutual debts in making settlements, and is not evidence that it was a part of the contract of employment that the plaintiff should be paid, either in whole or in part, for his labor in rent or goods.   It would have been no defence to an action brought by the plaintiff for wages, that he refused to occupy one of the tenements of the defendant or to buy goods at its store.

This was an assignment of all claims and demands for money due, or which should become due, for services as a laborer.   As an assignment of money due, it was an assignment of an existing chose in action, and was subject to all the equities, including both matters in defence and in set-off, which existed between the assignor and the debtor at the time the debtor received notice of the assignment; but, after such notice, the debtor could not, as against the assignees, diminish the amount justly due at the time the notice was given, by any agreement with the assignor, or by payments to him, or by acquiring claims against him.   As an assignment of money which should thereafter become due for services to be rendered as a laborer under a contract of employment existing at the time the assigment was made, it was valid; although, as the contract of employment apparently was for no

definite time, the assignment was subject to all the rights the parties to the contract had to terminate it, or to change its terms at any time, as well after as before notice of the assignment. But there is no evidence that the contract of employment under which the plaintiff was working at the time he made the assignment was ever terminated, or was in any respect modified or changed. When money became due or payable to the plaintiff under this contract, the right to receive it passed by virtue of the assignment to the assignees, and demands accruing to the defendant against the assignor after notice of the assignment, not arising from the contract of employment, but independent of it in their origin, cannot be set off against the claim of the assignees. No error appears in the rulings of the court, and the *Exceptions are overruled.*