TREMONT TRUST COMPANY *vs.* ARTHUR F. BAKER.

Suffolk.   November 15, 1922. — January 9, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Trust Company,* Savings department.   *Bills and Notes.   Set-off.   Contract,*
    Validity.

An agreement made by the treasurer of a trust company with a depositor in its
    commercial department that his deposits made in that department may be
    used in set off against a promissory note given by him to the trust company
    for a loan of funds made with his knowledge from the savings department
    contravenes G. L. c. 172, § 62, and cannot be enforced; and, in an action against
    the maker of such a note, brought in the name of the trust company by the
    commissioner of banks who had taken possession of its property and business,
    a deposit made by the defendant in the commercial department cannot be set
    off against the note.

CONTRACT for $25,000 upon a promissory note made by the defendant and payable to the plaintiff. Writ dated May 13, 1921.

In the Superior Court, the action came on to be heard before *McLaughlin,* J., upon an agreed statement of facts described in the opinion and at the request of the parties and without any

decision thereon he reported the case to this court for determination.

D. L. *Smith*, for the plaintiff.

C. M. *Ludden*, for the defendant.

CARROLL, J.   The plaintiff is a trust company organized under the laws of the Commonwealth, doing a general banking business, and maintaining a savings department under St. 1908, c. 520 (see now G. L. c. 172, §§ 60–72).   On February 17, 1921, the commissioner of banks took possession of the property of the Tremont Trust Company and is prosecuting this action for its benefit.   G. L. c. 167.

The defendant was a depositor in the general banking department of the plaintiff.   It loaned to him from the general funds of the trust company, $25,000, upon his promissory note, secured by collateral, and payable on demand.   A payment of $1,331.60 was made on account of this loan February 3, 1915. On May 27, 1915, a further loan of $12,000 was made by the plaintiff to the defendant upon his note payable on demand and secured by collateral.   This loan also was from the general funds of the plaintiff.   No part of the defendant's account with the trust company was applied to the payment of any of his loans without his express authority.

On November 24, 1920, the defendant made the promissory note in suit.   The other co-makers are employees of the defendant.   It was known to the plaintiff that they had no substantial financial means.   The consideration for the note of November 24, 1920, was a loan of $25,000 of the plaintiff's savings deposits, less the discount.   At this time all previous loans had been paid.   It is agreed that the defendant sent a note for the sum of $25,000 signed by himself, to the plaintiff, and requested that it be placed to his credit.   The treasurer of the plaintiff notified the defendant that the plaintiff would make the loan from its savings department, and that three signers to the note were necessary.   To this the defendant replied that his dealings had been with the commercial department and that he was afraid he might not be able to have his deposits in the commercial department credited to his note if "the note was taken in the savings department."   The treasurer informed him there was no danger, that the plaintiff would see that his interests were

cared for, and that he would be allowed to credit the amount of his deposit against the note. After this conversation the note sued on was made. Nothing was said at any time relating to the possibility of the closing of the Tremont Trust Company.

When the commissioner of banks took possession of the property and business of the plaintiff, the defendant had a general or commercial department deposit in the name of A. F. Baker and Company, of which the credit balance was $11,200.18. The defendant seeks to set off this commercial deposit balance. No declaration in set-off was filed, but the case was heard upon an agreed statement of facts, and questions of pleading were waived. The case has been treated by all the parties as though this issue were properly raised.

The note in suit belonged to the savings department. Each depositor in that department was entitled to have "the investments or loans thereof . . . appropriated solely to the security and payment of such deposits," St. 1908, c. 520, § 3, G. L. c. 172, § 62; and the deposit in the commercial department could not be set off against the debt owed by the depositor to the savings department. *Cosmopolitan Trust Co.* v. *Rosenbush,* 239 Mass. 305. *Bachrach* v. *Commissioner of Banks,* 239 Mass. 272. *Kelly* v. *Commissioner of Banks,* 239 Mass. 298. The defendant, however, contends that he entered into a contract with the plaintiff to the effect that the deposit in the commercial department would be set off against the note and that the savings department had notice of this contract.

The funds in the savings department were trust funds for the benefit of the depositors in that department. The plaintiff as trustee of the investments and funds in the savings department, could not make an agreement by which the defendant could set off against his loan the deposit in the commercial department. Such an agreement was in direct violation of the statute. The provisions of the statute were mandatory. As was said in *Commissioner of Banks, petitioner, in re Prudential Trust Co.* 240 Mass. 478, 483: "These provisions have the further effect of requiring the restoration to the savings department of the equivalent of any withdrawals, swapping of investments or other transactions between it and the commercial department made contrary to the statutes to the harm of the savings department.

. . . The depositors in the commercial department must be presumed to have become customers with knowledge of all preferences established by law for the benefit of the savings department. In many aspects, the relation of the trust company to its depositors in its savings department is that of trustee to his *cestui que trust,* and to its commercial depositors that of common law debtor to his creditors." The agreement between the treasurer of the plaintiff and the defendant was in violation of the statute and cannot be enforced. The relation of the two departments of the trust company could not be varied by such an agreement. It follows that the deposit in the commercial department cannot be set off against the note in suit.

Judgment is to be entered for the plaintiff for the amount of the note and interest.

*So ordered.*