TREMONT TRUST COMPANY *vs.* C. H. GRAHAM FURNITURE COMPANY.

Suffolk.    December 14, 1922. — February 28, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* Construction.    *Trust Company,* In liquidation.

A borrower from a trust company, at the time of commencing relations with the trust company, agreed in consideration of obtaining loans that he would maintain at all times on deposit in the commercial department of the trust company a sum

equal to approximately twenty per cent of the amount of the loans from time to time outstanding owing by him to the company, which amount was not to be drawn by him, but was to be applied to the payment upon default of his obligations to the company. The trust company maintained a savings department and loans were made to the borrower upon his notes from both the savings and the commercial departments, and were renewed from time to time, the agreed twenty per cent being kept by the borrower on deposit in the commercial department. The notes in the commercial department finally were transferred by assignment to the savings department. The bank commissioner took possession of the property and business of the trust company under G. L. c. 167, § 22, and an action upon all the notes was brought against the borrower in which the borrower sought to set off the amount on deposit in the commercial department. *Held,* that

(1) The facts above recited showed neither a payment of the loans *pro tanto* nor a special deposit in the nature of the trust, which should be applied in payment *pro tanto;*

(2) The agreement did not expressly nor impliedly bind the trust company to apply the deposit to payment of the notes in default: it could waive that right if it chose;

(3) The failure of the trust company to exercise its right to apply the deposit in part payment of the notes did not constitute a partial failure of consideration;

(4) The defendant was not entitled to set off the deposit in the commercial department against his notes held by the savings department.

CONTRACT upon ten promissory notes made by the defendant and described in the opinion. Writ dated October 7, 1921.

Material pleadings are described in the opinion.

The action was heard in the Superior Court by *McLaughlin,* J., without a jury, upon an agreed statement of facts. Material facts are described in the opinion. The defendant asked for the following rulings:

"1. Upon the facts stated in the agreed statement of facts the defendant is entitled to set-off against the notes declared upon, the amount of the deposit standing to its credit at the time possession of the plaintiff trust company was taken by the commissioner of banks, amounting to $5,381.05.

"2. There has been a payment of $5,381.05 on account of the notes originally given to the commercial department of the plaintiff company.

"3. There has been a payment of $5,381.05 on account of the notes held by the plaintiff.

"4. There has been a partial failure of the consideration for which the notes in set-off were given amounting to $5,381.05.

"5. There has been a partial failure of the consideration for

which the notes originally given to the commercial department were given, amounting to $5,381.05.

"6. There has been a partial failure of the consideration for which the notes originally given to the commercial department were given, amounting to twenty per cent of the amount of the said notes.

"7. There has been a partial failure of the consideration for which the notes originally given to the commercial department were given, equal to the amount of the said notes.

"8. The defendant is entitled to assert a partial failure of the consideration for which notes were given to the commercial department against renewals of said notes held by the savings department."

The rulings were refused. The judge found for the plaintiff in the sum of $37,885.78; and for the plaintiff (defendant in set-off) on the declaration in set-off. The defendant alleged exceptions.

*J. J. Kaplan,* for the defendant.

*D. L. Smith,* for the plaintiff.

CROSBY, J. The plaintiff trust company, now in liquidation, in possession of the commissioner of banks, brings this suit upon ten promissory notes of the face value of $35,000, made by the defendant and payable to the order of the plaintiff. Each note is a renewal of a previous note and was held by the plaintiff when possession was taken by the commissioner. At that time the defendant had a deposit in the commercial department of the trust company amounting to $5,381.05, which it seeks to set off, or establish the defence of part payment or partial failure of consideration to that extent. The trial judge found for the plaintiff for the full amount of the notes; and found for the defendant in set-off upon a declaration in set-off, filed by the defendant herein, and denied the defendant's requests for rulings.

Eight of the notes, amounting to $30,000, were renewals, of which the originals represented loans of savings department funds and were from the beginning carried as loans from the funds of that department. Two of the notes, amounting to $5,000, were renewals, the original notes of which represented loans made by the commercial department, but were afterwards transferred to the savings department by a transaction which amounted to a discount of the notes by that department — the proceeds of

the discount being paid over to the commercial department — and thereafter these notes and all renewals were carried as savings department assets. All the loans were negotiated by the defendant with officers who managed the business of both departments in the same banking rooms of the trust company, and all notices of the maturity of the notes bore upon them in a conspicuous place the words "Present this card to the Savings Department." Upon payment of a note it was ordinarily mailed to the defendant with the words "Paid" and "Savings Department" stamped thereon. Except as notice is to be imputed to the ·defendant it did not know that the funds loaned to it were from the savings department, nor that any of the notes given by it were held by that department. As to the eight notes which from the beginning were held by the savings department, they were obligations which the defendant owed to that department and cannot be offset by a claim against the commercial department, in the absence of any provision of the statute to that effect; and the doctrine of equitable· set-off is not applicable, *Bachrach* v. *Commissioner of Banks*, 239 Mass. 272; and this is true even if the defendant did not have actual knowledge that the loans were made on notes held by the savings department. *Kelly* v. *Commissioner of Banks*, 239 Mass. 298.

The case last cited is decisive against the claim of the defendant that it is entitled to set off its deposit against the eight notes in question, unless the agreement of the defendant, hereafter referred to, to maintain a deposit in the commercial department of twenty per cent of its total loans requires a different result.

As to the other two notes, they were transferred from the commercial to the savings department which as assignee took subject to "all equities and defences existing between the commercial department and the defendants." But it is equally true that these notes were not due when transferred to the savings department and that "so far as appears the defendants then had no claim or demand against the commercial department which was incidental to the note or to any independent contract for breach of which the defendants had a cause of action against the trust company." *Cosmopolitan Trust Co.* v. *Rosenbush*, 239 Mass. 305. And before any such claim or demand arose, as for example by the refusal or inability of the commercial department to pay

checks drawn against the defendant's account, the latter received the notices for payment and obtained a renewal of the notes from which the court could find that the defendant had notice of the assignment, if we assume without deciding, that such notice was necessary. Thereafter it could acquire no rights of set-off under the statute. G. L. c. 232, § 4. *St. Andrew* v. *Manchaug Manuf. Co.* 134 Mass. 42. *Smith* v. *Brown,* 151 Mass. 338.

But the defendant contends that it is entitled to such set-off by reason of paragraph ten of the agreed facts, which is as follows:

"10. At the time of commencing its relations with the plaintiff, the defendant agreed in consideration of obtaining loans from the plaintiff that the defendant should at all times maintain on deposit in the commercial department of the plaintiff trust company a sum equal to approximately twenty per cent of the amount of the loans from time to time outstanding owing by the defendant to the plaintiff company, which amount was not to be drawn by the defendant, but was to be applied to the payment upon default of its obligations to the plaintiff company. The deposit on hand hereinbefore referred to, amounting to $5,381.05, was maintained by the defendant pursuant to the agreement aforesaid." This agreement properly construed shows neither payment *pro tanto,* nor a special deposit creating a trust which the defendant contends could be offset. The agreement was additional security for the protection of the bank which it could avail itself of or not as it might determine. It did not thereby bind itself to look solely to the deposit for payment, and if it had, such an agreement would have been invalid as to the eight notes. *Tremont Trust Co.* v. *Baker,* 243 Mass. 530. The right to apply the deposit in payment was to be only "upon default." The bank could waive its right to resort to the deposit and apply it or not; and could rely solely upon the borrower for payment, as it has seen fit to do. The agreement that the defendant would maintain on deposit in the commercial department a sum equal approximately to twenty per cent of the total amount of the loans which it agreed should be applied to the payment of the notes in case of default, did not expressly or impliedly bind the plaintiff to make such application of the deposit. The agreement was the ordinary one between a bank and a general depositor, the relation being that of debtor and creditor. *Bachrach* v. *Commissioner of Banks, supra,* at page 273.

Cases where it is agreed that deposits are to be applied in payment of the debtor's obligations, *Osborn* v. *Byrne,* 43 Conn. 155, *Hall* v. *Paris,* 59 N. H. 71; or where special deposits as such are made, *Anderson* v. *Pacific Bank,* 112 Cal. 598. *Woodhouse* v. *Crandall,* 197 Ill. 104, *Dolph* v. *Cross,* 153 Iowa, 289, and other cases cited by the defendant, are not pertinent to the facts in the case at bar.

In *Thompson* v. *Hazelwood Savings & Trust Co.* 234 Penn. St. 452, the bank sought to enforce its right to retain the deposit as security in accordance with the agreement.     In the present case that right is disavowed and waived. The deposit was not a special deposit in the true sense of that term. Nor was there a failure of consideration. See *Hodgkins* v. *Moulton,* 100 Mass. 309. The defendant received precisely what his contract with the bank gave him. The agreement was that the plaintiff might avail itself of the deposit in the commercial department if it desired to do so with the ordinary relationship of debtor and creditor. If the deposit remained in the commercial department, the insolvency of that department is a hardship which the defendant must assume under its contract, properly construed; and the failure of the plaintiff to exercise its right and apply the deposit in part payment of the notes, does not constitute a failure of consideration.

As none of the defences pleaded are valid, and as the requests for rulings properly could not have been given, the entry must be

*Exceptions overruled.*