COSMOPOLITAN TRUST COMPANY *vs.* JACOB WASSERMAN.

Suffolk. November 11, 1924. — February 28, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Trust Company*, In liquidation: set-off. *Set-off.*

In an action by a trust company in possession of the commissioner of banks against the maker of a promissory note of which the plaintiff was payee, the defendant filed a declaration in set-off with three items. The first item was for the amount of a balance which at the time the commissioner took possession was owed to a partnership of which the defendant was a member. The partnership proved the claim with the commissioner and received a certificate reading, "subject to rights of set-off to be hereafter determined." The claim thereafter and before the commencement of the action was assigned to the defendant. The second item was based upon an account with the plaintiff standing in the name of the defendant as trustee. There was evidence that the defendant held the account in a fiduciary capacity. The third item was for money paid to the plaintiff for stock which the defendant contended had been illegally issued. The judge who heard the action without a jury found for the plaintiff on the note and against the defendant on his declaration in set-off. *Held*, that

(1) The rights of the defendant on his declaration in set-off under G. L. c. 232, §§ 1, 2, were to be determined as if the writ had been dated on the day when the commissioner of banks took and retained possession of the trust company for the purpose of liquidating and winding up its affairs;

(2) The first item, being on that date due to the partnership and not to the defendant, could not, either by novation or subrogation, be made a subject of set-off for his benefit;

(3) A finding was warranted that the defendant was a fiduciary as to the second item and it could not be ruled as a matter of law that he could set it off against his individual debt;

(4) The legality of the issue of stock of the plaintiff having been determined by this court previously, the third item of the declaration in set-off was without foundation;

(5) No ground for an equitable set-off appeared.

CONTRACT by the payee against the maker of a promissory note for $5,000. Writ dated May 12, 1923.

The defendant filed an amended answer containing the following: "Further answering, the defendant says that by reason of claims which the defendant holds against the plaintiff, and which should in justice and equity be applied to the satisfaction of the balance due on the note set forth in the plaintiff's declaration, the defendant has, in equity, paid the plaintiff in full and now owes it nothing."

The defendant also filed the declaration in set-off described in the opinion.

The action was heard by *Lawton*, J., without a jury. Material evidence is described in the opinion. The judge found for the plaintiff in the sum of $3,920.48. The defendant alleged exceptions.

*J. Wasserman*, (*M. M. Horblit* with him,) for the defendant.
*S. M. Child*, for the plaintiff.

BRALEY, J. The defendant did not specifically require proof of his signature, and, the note having been introduced, he offered evidence in support of his declaration in set-off which if sustained was more than sufficient to cover the plaintiff's claim. The judge, who heard the case without a jury, disallowed the set-off and found for the company.

The rights of the defendant as plaintiff in set-off under G. L. c. 232, §§ 1, 2, are to be determined as if the writ had been dated September 25, 1920, when the commissioner of banks took and retained possession of the company for the purpose of liquidating and winding up its affairs. *Cosmopolitan Trust Company* v. *Ciarla*, 239 Mass. 32, 36. *Bailey* v. *Commissioner of Banks*, 244 Mass. 499, 501.

The company then held the promissory note of the defendant now in suit, and the firm of Horblit and Wasserman had a balance due on a checking account of $6,941.84, which is the first item of the declaration in set-off. This claim was duly proved February 28, 1921, the certificate of proof reading, "subject to rights of set-off to be hereafter determined," and on March 1, 1921, the certificate of proof was formally assigned to Wasserman by the other member of the firm, and the first dividend paid on the claim has been credited on the

note by the commissioner.   But these transactions separately or together did not change the legal character of the original deposit, which was a debt due from the company to the partnership September 25, 1920, and not to Wasserman individually.   It cannot in the present action either by novation or subrogation be made a subject of set-off for his benefit.

The second item is for a deposit of $400 "standing in his name as trustee," and the plaintiff's answer to the defendant's declaration in set-off admitted that Wasserman as trustee for one Jacob Cutler had a claim which was duly proved and a certificate had been issued to him as trustee.   The defendant, although contending that the money was his own, did not controvert this admission, and the judge could find on all the evidence that Wasserman held this deposit as a fiduciary, and it could not be used to reduce his personal indebtedness.

The last item is for $1,500, the amount paid for ten shares of the capital stock of the company, which is alleged never to have been legally organized, and that if the issuance of the stock was legal, the certificate required by law was never filed, and the transaction became or was void.   See G. L. c. 156, §§ 41, 42, 43; c. 172, § 18.   But the legality of the corporate organization of the company, as well as the liability of stockholders thereunder, is settled by *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 247 Mass. 334. And the failure to file with the Secretary of the Commonwealth a certified copy of the records of the meeting at which the increase of capital stock was voted did not relieve the defendant of his primary obligation as a stockholder. *Cunningham* v. *Commissioner of Banks*, 249 Mass. 401.

If, without deciding, it is assumed that the amended answer sets forth an equitable defence which is permitted in actions at law by G. L. c. 231, § 31, the defendant finally invokes the doctrine of equitable set-off, citing with cases from other jurisdictions *Holbrook* v. *Bliss*, 9 Allen 69, *Spaulding* v. *Backus*, 122 Mass. 553, 534, *Abbott* v. *Foote*, 146 Mass. 333, 334, *Perry* v. *Pye*, 215 Mass. 403, 413.   But in those suits no question of the winding up of an insolvent trust company was presented as in the case at bar, where

the claim declared on is an asset of the company to be collected for the benefit of creditors, and to allow a set-off under the conditions appearing in the record would give the defendant priority over other creditors of the same class. *Bachrach* v. *Commissioner of Banks,* 239 Mass. 272, 275. *Tremont Trust Co.* v. *C. H. Graham Furniture Co.* 244 Mass. 134, 137.

The defendant's requests in so far as not given were denied rightly, and the exceptions to the exclusion of evidence, not having been argued, are treated as waived.

*Exceptions overruled.*