COSMOPOLITAN TRUST COMPANY *vs.* CHARLES D. GOLUB
& another.

Suffolk.     April 15, 1925. — May 22, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Equity Pleading and Practice*, Decree pro confesso, Appeal, Finding by judge. *Set-off*. *Equity Jurisdiction*, To enforce pledge, Equitable set-off.

A trust company by a bill in equity against an individual and a credit union sought to foreclose upon shares of the individual defendant which he had pledged as credit for a collateral security note given by him to the plaintiff. The bill was taken *pro confesso* as to the individual defendant. The credit union contended that the plaintiff did not come into court with clean hands because the loan to the individual defendant was in accordance with a conspiracy of his with the president of the plaintiff to violate G. L. c. 171, § 13; c. 271, § 39. The individual defendant was the treasurer and in complete control of the credit union. The trial judge found against the credit union on the facts, and it was *held*, that the evidence, which was taken by a commissioner under Equity Rule 35, warranted the finding.

In the above described suit it also was *held*, that the transaction did not infringe a by-law of the credit union which provided that no money should be received from or paid to a member unless the pass book was presented.

Since the loan above described was to the individual defendant personally and the pledge was of his own deposit book representing funds held in his name by the credit union, the credit union was neither directly nor indirectly a party to the transaction and therefore had no right to set off, against the claim which was the subject of the suit, a claim it had against the trust company on a commercial account which the president of the trust company had induced the credit union to leave at the trust company because of an individual note of the treasurer then coming due.

BILL IN EQUITY, filed in the Superior Court on June 22, 1922, to foreclose upon shares of the defendant Charles D. Golub with the defendant West End Credit Union, which were pledged by Golub as security for a note given by him to the plaintiff, the plaintiff alleging in its bill that "under the by-law of said Credit Union, an action at law will not lie against it [the Union] by this plaintiff."

In the Superior Court, the suit was heard by *Morton*, J., a commissioner having been appointed under Equity Rule 35 to take the evidence. The trial judge found and ruled as follows: "The bill has been taken *pro confesso* as against Golub. The defendant West End Credit Union admits the allegations of the bill, but claims by its answer and a cross bill: (1) That the plaintiff does not come into court with 'clean hands' inasmuch as its president and Golub conspired to violate G. L. c. 171, § 13; c. 271, § 39. (2) That the plaintiff was not the owner of the deposit book; and (3) That if it is, it has failed to comply with the by-laws of the Union. I find the following facts:

"Golub at the time of the discount was the treasurer, and in complete control of the affairs of the defendant Union. Max Mitchell was president of the plaintiff company. In March, 1920, Golub applied to Mitchell for a personal loan of $1,000 and told him in substance that he wished to transfer his deposits from the Tremont Trust Company, that said company held his note for $4,900 secured by his deposit book which had been given by him for the accommodation of the Union, for the reason that the commissioner of banks had

refused to give the Union authority to borrow, and that he would transfer the account if Mitchell would take up the $4,900 loan and loan him $1,000, and that he would give to the plaintiff his personal note for $4,900 secured by the deposit book.   Mitchell accepted the proposition and Golub opened an account for the Union.   When the Tremont Trust Company loan was due, the plaintiff credited Golub's personal account of $4,900 and Golub paid the Tremont Trust Company loan, signed the note in suit and gave his deposit book as collateral.   Later, in August, Golub withdrew from the Union account all but $5,000 which he left at Mitchell's request to cover the $4,900 when due.

"I am unable to find on the evidence or in these facts any conspiracy to violate G. L. c. 171.   The transactions show a clear intention to lend to Golub and to look only to his personal credit and deposit book.   It was not intended to pledge the general credit of the Union and neither in fact nor in law was this done.   If as a result of the transaction the Union actually received from Golub $4,900 it has no reason for complaint against the plaintiff.   Its assets have not been reduced, nor its credit involved by the transaction. The transaction with Mitchell is not open to the obligation [implication?] either in fact or in law that it was in violation of G. L. c. 271, § 39.

"There is nothing in G. L. c. 171, nor in the by-laws to prevent the plaintiff from obtaining the benefit of its security. It does not seek to become a member of the Union, but only to reach the amount that the Union owes Golub as shown by his deposit book, or such portion thereof as will pay Golub's indebtedness to it.

"The defendant by its cross bill and evidence has shown no reason why in equity it should be entitled, as against other creditors, to have the balance of its deposit set off.   The Cosmopolitan Trust Company owes it nothing.   There is no evidence of any breach of trust on Golub's part which has caused the Union to lose money for which the Trust Company is responsible.   The fact that he left [*sic*] $5,000 remain on deposit at Mitchell's request is not enough to give the Union the right to set off claimed.

"The allegations in the cross bill moreover indicate that the plaintiff therein does not come into court with clean hands. It claims to profit at the expense of the general creditors, because of the malfeasance of its treasurer who had been allowed to have complete control of its affairs and its directors.

"A decree should be entered against Golub, establishing his indebtedness; and ordering the Union to pay to the plaintiff so much of the deposit and accrued dividends to the credit of Golub as will pay the said indebtedness; and dismissing the cross bill."

A final decree was entered accordingly, and the defendants both appealed.

The case was submitted on briefs.

*A. A. Silton,* for the defendants.

*H. O. Cushman & E. O'Callaghan,* for the plaintiff.

BRALEY, J. The defendant Golub did not appear or answer, and the interlocutory decree taking the bill for confessed as to him must stand. A conclusion of facts properly pleaded requires no proof, and a decree *pro confesso* means that the statements of the bill are admitted. *Thomson* v. *Wooster,* 114 U. S. 104.

The remaining defendant, the West End Credit Union, admits the allegations of the first paragraph of the bill, that the commissioner of banks on September 25, 1920, took and has remained in possession of the business and affairs of the company for purposes of liquidation as provided in G. L. c. 167. It also admits subject to two exceptions, the allegations of paragraph two, that on September 13, 1920, Golub borrowed from the plaintiff trust company $4,900 giving therefor his promissory note secured by collateral, described in the note as a book of five thousand shares of the capital stock of the West End Credit Union of the par value of $5 a share. And, payment having been long overdue, the plaintiff prays to have its debt established and the collateral applied in payment.

The first exception is that the shares number only one thousand of the total par value of $5,000. This exception

is immaterial. The identity of the collateral described is not controverted. *Raynes* v. *Sharpe*, 238 Mass. 20.

The other exception in substance is that, before filing the bill, the commissioner having sold Book No. 188, issued in the name of Golub, together with the debt for which it stood, the plaintiff had no enforceable interest in the debt or the collateral. But the only evidence to support this defence was a notice from the alleged purchaser to the defendant Union, that such sale had been made. The judge was not bound to accept the notice as conclusive and his general finding, after referring to the contention of the Union, establishing the debt as a debt due to the plaintiff shows no error of law. *Boston Supply Co.* v. *Rubin*, 214 Mass. 217.

The defence to the original bill as well as the affirmative relief prayed in the cross bill rests on the contentions that the transaction was illegal, and that the plaintiff had failed to prove ownership of the stock, and that the defendant is entitled to a set-off. We discover no error of law in the rulings on the exclusion of evidence, and the findings of the presiding judge are not to be set aside unless plainly wrong. They rest on the partially agreed statement of facts on which the plaintiff submitted the case, and the testimony introduced by the defendant. The statements of fact as found, which are supported by the record, disclose no fraud or conspiracy invalidating the lending of the money and taking of security. The loan was to Golub personally and the pledge was of his own deposit book as representing the funds held in his name by the Union. The Union was neither directly nor indirectly a party to the transaction. It borrowed no money. It gave no security, and G. L. c. 171, that it could not borrow money without permission of the commissioner, was not violated.

The transaction also did not infringe the by-law of the Union, that no money shall be received from, or paid to a member unless the pass book is presented. In this connection the agreed facts state that on December 27, 1920, Golub had on deposit on the books of the Union $5,000 represented by the pass book, and that on June 19, 1922, and June 22, 1922, the date of filing the bill he had a like sum

on deposit which included accrued dividends, and his account also showed that the Union had lent him $300.

The charge of conspiracy between Golub and the trust company's president in obtaining the loan, and that therefore the plaintiff does not come into court with clean hands, is not only negatived by the findings of the judge, but is wholly unsupported by the record.

The Union, when the trust company was closed, had on deposit in its commercial department $5,539.66. It is contended that this amount should be allowed in set-off to the plaintiff's claim. But the Union is a stranger to the loan to Golub. There is no mutuality of obligation between it and the plaintiff. G. L. c. 232, § 1. *St. Louis Perpetual Ins. Co.* v. *Homer,* 9 Met. 39. The doctrine of equitable set-off is equally unfounded. *Perry* v. *Pye,* 215 Mass. 403. *Cosmopolitan Trust Co.* v. *Wasserman,* 251 Mass. 514. The judge was not required to find as requested, and his general finding for the plaintiff was in effect, and is to be treated as, a denial of the Union's request for rulings, which could not have been given for reasons previously stated.

The defendant Golub as well as the Union appealed from the final decree on the original bill. While Golub had a right to be heard on the form of the decree, and to appeal from it, *Blanchard* v. *Cooke,* 144 Mass. 207, 218, neither defendant, if the plaintiff prevails, contests the form or substance of the decree, and it is affirmed with costs. It follows that the decree dismissing the cross bill also should be affirmed.

*Ordered accordingly.*