## Commissioner of Insurance, receiver,[1] *vs.* Munich American Reinsurance Company.[2]

Suffolk. December 10, 1998. - March 5, 1999.

Present: Wilkins, C.J., Abrams, Lynch, Greaney, Fried, Marshall, & Ireland, JJ.

*Insurance,* Insolvency of insurer. *Insurance Company,* Insolvency. *Contract,* Reinsurance agreement. *Setoff.*

Common-law setoff permits a reinsurer (creditor) to offset against amounts owed to an insolvent insurer's estate the amounts owed to the reinsurer (creditor) by the insolvent insurer, and there is no statutory prohibition in G. L. c. 175, §§ 180A-180L, governing the liquidation of insolvent insurers, against application of the common-law rule [142-145]; moreover, in the circumstances of particular insurers, nothing in the reinsurance contracts limited or eliminated the reinsurer's right to a setoff [145].

Certification of questions of law to the Supreme Judicial Court by the United States District Court for the District of Massachusetts.

*Eric A. Smith* for the plaintiff.

*David M. Spector,* of Illinois (*Eric M. Phillips,* of Illinois, & *James S. Harrington* with him) for the defendant.

The following submitted briefs for amici curiae:

*Joseph C. Tanski & Steven Y. Quintero* for Massachusetts Insurers Insolvency Fund.

*Debra J. Hall & Anthony J. Mormino,* of the District of Columbia, for Reinsurance Association of America.

Wilkins, C.J. A judge of the United States District Court for the District of Massachusetts has certified two questions to this court, pursuant to S.J.C. Rule 1:03, as appearing in 382 Mass.

[1]Of American Mutual Liability Insurance Company and American Mutual Insurance Company of Boston.

[2]Munich American Reinsurance Company is the successor of the United States branch of Munich Reinsurance Company as to the reinsurance treaties involved in this case and has been merged into American Reinsurance Company.

700 (1981). These questions are posed in connection with a complaint for declaratory relief filed by the Commissioner of Insurance as permanent receiver of two insolvent Massachusetts insurance companies, American Mutual Liability Insurance Company (AMLICO) and American Mutual Insurance Company of Boston (AMI). The receiver sought a determination whether, under Massachusetts law, a reinsurer, such as the defendant Munich American Reinsurance Company (MARC), may properly offset against amounts owed to an insolvent insurer's estate the amounts (properly shown on proofs of claim filed with the receiver) that the insolvent insurer owed to the reinsurer.

The receiver commenced an action in the Supreme Judicial Court for the county of Suffolk, and MARC removed it to the United States District Court. After a hearing on cross motions for summary judgment, the judge determined that he would certify two questions to this court. The questions are:

"1. Whether under Massachusetts law a creditor of an insolvent Massachusetts insurer in liquidation may offset amounts owed to the insolvent insurer against amounts owed to the creditor from the insolvent insurer.

"2. Whether under the terms of the contracts between them and pursuant to Massachusetts law, MARC may offset amounts owed, respectively, to AMLICO and AMI (insolvent Massachusetts insurers in liquidation) against amounts owed, respectively, from AMLICO and AMI."

The first question concerns the effect, if any, on MARC's right of setoff of the priorities set forth in G. L. c. 175, § 180F, for distribution of an insolvent insurer's assets to creditors.[3] We shall conclude that common-law setoff permits MARC to an

---

[3]The Federal judge summarized those priorities as follows:

"(1) Expenses of administration;

"(2) Compensation of employees other than officers for services rendered within three months prior to the commencement of [the liquidation proceeding] . . . ;

"(3) Claims for taxes and debts due to federal or any state or local government which are secured by liens perfected prior to the commencement of delinquency proceedings;

"(4) Claims by policyholders, beneficiaries, and insureds arising from 'and within the coverage of and not in excess of the applicable limits of insurance policies and insurance contracts issued by the company, and claims presented

offset in the circumstances, that there is no statutory prohibition against application of that common-law rule, and that, as to the second question, nothing in the reinsurance contracts limits or eliminates MARC's right to a setoff.

1. The general principle has long been established that a setoff is appropriate between mutual debtor-creditors, even if one of them is insolvent at the time the right to the setoff is asserted. *Greene* v. *Hatch,* 12 Mass. 195, 198 (1815) (to do otherwise would be "exceedingly unjust"). See *Massachusetts Motor Vehicle Reinsurance Facility* v. *Commissioner of Ins.,* 379 Mass. 527, 538 (1980); *Friedman* v. *Commissioner of Banks,* 291 Mass. 108, 111 (1935) ("In the ordinary case of set-off by a depositor against an insolvent bank there is no preference created thereby"); *Bachrach* v. *Commissioner of Banks,* 239 Mass. 272, 273 (1921). See also *Scott* v. *Armstrong,* 146 U.S. 499, 510 (1892); *Carr* v. *Hamilton,* 129 U.S. 252, 255-256 (1889). The obligations must be mutual, that is, "the same part[ies] in both claims." *Friedman* v. *Commissioner of Banks, supra* at 112.[4] Thus, for example, a trustee may not off set amounts an insolvent bank owes to him as trustee against amounts that he personally owes to the insolvent bank. *Cosmopolitan Trust Co.* v. *Wasserman,* 251 Mass. 514, 516 (1925). Similarly, a person may not set off amounts that he owes to an insolvent bank as an individual against amounts that the bank owes to a partnership in which the individual is a partner. *Id.* at 516-517. To allow such a setoff "would give the defendant priority over other creditors of the same class." *Id.* at 517. If the funds of an insolvent entity are by statute held in trust for all creditors in a class, a creditor may not set off his interest in funds held in trust against a debt owed to the

by the [guaranty funds of Massachusetts and other states]; provided that the workers' compensation claims afforded a preference in section forty-six A shall be treated as preferred only as respects all other claims in this clause; and

"(5) All other claims."

[4]Setoff may not be appropriate when another person is also a creditor or debtor with respect to the same debt. See *Commonwealth* v. *Shoe & Leather Dealers' Fire & Marine Ins. Co.,* 112 Mass. 131, 135 (1873) (setoff appropriate "provided no other person was interested on either side as creditor or debtor"). Contrary to the suggestion in *Massachusetts Motor Vehicle Reinsurance Facility* v. *Commissioner of Ins.,* 379 Mass. 527, 539 (1980), we do not view the case just cited as authority for the proposition that allowance of an equitable setoff against the assets of an insolvent company would give a claimant an improper priority over other creditors of the same class.

insolvent entity. See *Kelly* v. *Commissioner of Banks*, 239 Mass. 298, 301 (1921); *Commonwealth* v. *Massachusetts Mut. Fire Ins. Co.*, 112 Mass. 116, 127-128 (1873) (no right of setoff for assessable subscribers to a mutual fire insurance company). But the fundamental principle of equal treatment among all creditors of the same class of an insolvent entity "does not require that general rules for the adjustment of mutual claims between a bank and its debtors be set aside." *Rossi Bros.* v. *Commissioner of Banks*, 283 Mass. 114, 119 (1933).

Passing by, for the moment, the possibility that the relationship between insurer and reinsurer may call for a different result, we conclude that a creditor of an insolvent insurer may apply amounts that it owes to the insolvent insurer as an offset against amounts that the insolvent insurer owes to it. There is nothing explicit or implicit in the statutory scheme for the liquidation of insolvent insurers (G. L. c. 175, §§ 180A-180L) that makes common-law principles of setoff inapplicable. Authority that we have cited in our discussion of common-law setoff addresses statutorily regulated liquidations of banks and insurance companies without any suggestion that rules of setoff would be different in a receivership or liquidation. See, e.g., *Massachusetts Motor Vehicle Reinsurance Facility* v. *Commissioner of Ins.*, 379 Mass. 527, 532 & n.9 (1980) (receivership not governed by G. L. c. 175, §§ 180A-180L, the Massachusetts version of the Uniform Insurers Liquidation Act). Any idea that, in such cases, the creditor who is allowed a setoff receives an improper preference is either explicitly or implicitly rejected. See *Scott* v. *Armstrong*, 146 U.S. 499, 510 (1892) ("Where a set-off is otherwise valid, it is not perceived how its allowance can be considered a preference, and it is clear that it is only the balance, if any, after the set-off is deducted which can justly be held to form part of the assets of the insolvent"); *Scammon* v. *Kimball*, 92 U.S. 362, 366 (1875) (insurance company bankruptcy); *Rossi Bros.* v. *Commissioner of Banks*, *supra*. Cf. *Greene* v. *Hatch*, 12 Mass. 195, 198 (1815) ("it would have been exceedingly unjust to compel [the creditor] to pay the whole sum, and then receive a small dividend on the very money he had paid, perhaps the only money to be divided").

2. We turn then to the question whether there should be a different rule concerning setoff if the creditor of an insolvent insurer is a reinsurer of that insolvent insurer. Statutory provisions governing the liquidation of insolvent insurers in liquida-

tion (G. L. c. 175, §§ 6, 180A-180L) do not answer the question whether MARC is entitled to setoff. Those regulatory provisions, although comprehensive, are silent on the set-off issue. Statutory priorities in the distribution of assets to creditors give us no conclusive guidance about rights of setoff. In every other State, the rule is that a reinsurer does not receive an improper preference by having the benefit of setting off amounts an insolvent insurer owes the reinsurer against the reinsurer's debt to the insolvent. See Schwab, Onset of An Offset Revolution: The Application of Set-Offs in Insurance Insolvencies, 95 Dick. L. Rev. 449, 515-520 (1991) (noting States that allowed setoff to creditors of insolvent insurers). See also Colo. Rev. Stat. § 10-3-529 (Supp. 1998); Mich. Comp. Laws Ann. § 500.8130 (West 1993 & Supp. 1998); Miss. Code Ann. § 83-24-59 (1991 & Supp. 1998); Mo. Rev. Stat. § 375.1198 (Vernon 1991); R.I. Gen. Laws § 27-14.3-34 (1994); S.D. Codified Laws §§ 58-29B-86, 58-29B-87 (1996).

The argument that the reinsurer would receive an improper preference through setoff, while reasonable (see *Bluewater Ins. Ltd.* v. *Balzano*, 823 P.2d 1365, 1374 [Colo. 1992]), has been generally rejected in this country. It was rejected in 1998 when the Legislature added Massachusetts to the rest of the States having legislation allowing reinsurers to have setoffs in insurer insolvencies. St. 1998, c. 258, § 1, amending G. L. c. 175, § 180C. That statute, which was enacted after the questions were certified to us, expressly disclaims any retroactive application (St. 1998, c. 258, § 2). It leaves the priorities of G. L. c. 175, § 180F, intact and allows setoffs to reinsurers. The pattern of our cases concerning equitable setoffs, when one party is insolvent and common-law principles apply, is consistent with the public policy expressed in the new statute. See *Transit Cas. Co.* v. *Selective Ins. Co.*, 137 F.3d 540, 544-545 (8th Cir. 1998) ("to allow set-off aligns Missouri . . . with almost all other states. . . . Indeed, since Transit's insolvency, Missouri has enacted a set-off provision, an indication that set-offs likely did not violate public policy prior to the enactment"); *Stamp* v. *Insurance Co. of N. Am.*, 908 F.2d 1375, 1380 (7th Cir. 1990) ("if the large firms could not count on the netting of balances to satisfy obligations, they would be more likely to exclude smaller or tottering firms — making new entry harder and precipitating failures of firms in difficulty"); *Prudential Reinsurance Co.* v. *Superior Court*, 3 Cal. 4th 1118, 1139-1142 (1992); *Matter of*

*the Liquidation of Midland Ins. Co.*, 79 N.Y.2d 253, 263-264 (1992).

The receiver relies on insolvency clauses in certain of the reinsurance agreements. An insolvency clause provides that, in the event of the ceding insurer's insolvency, reinsurance will be paid directly to the ceding insurer or its receiver "without diminution because of the insolvency of the Company." This provision is included in such an agreement "to overcome the holding of *Fidelity & Deposit Co. v. Pink*, 302 U.S. 224, 227-229 (1937), that a standard reinsurance treaty 'against loss' renders the reinsurer liable only upon proof of payment of losses by the insurer." *Massachusetts Motor Vehicle Reinsurance Facility v. Commissioner of Ins.*, 379 Mass. 527, 534 n.10 (1980). Such a provision, in a statute or in a reinsurance agreement, is intended to increase the reinsured company's capacity to write insurance and is not designed to destroy a reinsurer's right of setoff. See G. L. c. 175, § 20A (4); *Prudential Reinsurance Co. v. Superior Court, supra* at 1135; *Matter of the Liquidation of Midland Ins. Co., supra* at 263-264; Olson, Reinsurers' Liability to the Insolvent Reinsured, 41 Notre Dame Law. 13, 22-23 (1965-1966).

We answer both certified questions in the affirmative.